UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICARDO CAJERO TORRES and MARIO BAUTISTA, *each individually and on behalf all other employees similarly situated*,<br><br>*Plaintiffs,*<br><br>v.<br><br>SUSHI SUSHI HOLDINGS INC. d/b/a SUSHI SUSHI, HARLEM SUSHI INC. d/b/a SUSHI SUSHI, IGOR GRINBERG, and ANGIE HERRERA,<br><br>*Defendants.* | **ANSWER**<br>**TO AMENDED COMPLAINT**<br>**AFFIRMATIVE DEFENSES**<br><br>1:19-cv-02532-PAE-RWL |

Defendants SUSHI SUSHI HOLDINGS INC. d/b/a SUSHI SUSHI, HARLEM SUSHI INC. d/b/a SUSHI SUSHI, IGOR GRINBERG and ANGIE HERRERA (collectively hereinafter "Defendants") by way of Answer to the Amended Complaint, state as follows:

## "AS TO INTRODUCTION"

1.      Paragraph 1 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 1 of the Amended Complaint.

2.      Paragraph 2 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 2 of the Amended Complaint.

3.      Paragraph 3 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 3 of the Amended Complaint.

4.      Paragraph 4 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 4 of the Amended Complaint.

## "AS TO JURISDICTION AND VENUE"

5.      Paragraph 5 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 5 of the Amended Complaint.

6.      Paragraph 6 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 6 of the Amended Complaint.

## "AS TO PLAINTIFFS"

7.      Defendants deny the knowledge and/or information sufficient to form a belief that Plaintiff Ricardo Cajero Torres is and/or was an individual residing in Queens, New York. Defendants deny the remaining allegations asserted in Paragraph 7 of the Amended Complaint, and leave Plaintiffs to their proofs.

8.      Defendants deny the knowledge and/or information sufficient to form a belief that Plaintiff Ricardo Mario Bautista is and/or was an individual residing in Manhattan, New York. Defendants deny the remaining allegations asserted in Paragraph 8 of the Amended Complaint, and leave Plaintiffs to their proofs.

## "AS TO DEFENDANTS"

9.      Defendants admit that SUSHI SUSHI HOLDINGS INC. is doing business under the name "SUSHI SUSHI", and located at 126 MacDougal St, New York, NY 10012. Defendants admit that HARLEM SUSHI INC. d/b/a SUSHI SUSHI. is doing business under the name

"SUSHI SUSHI", and located at 1504 Amsterdam Ave, New York, NY 10031. Defendants deny the remaining allegations asserted in Paragraph 9 of the Amended Complaint, and leave Plaintiffs to their proofs.

10.     Defendants admit that SUSHI SUSHI HOLDINGS INC. is doing business under the name "SUSHI SUSHI", and located at 126 MacDougal St, New York, NY 10012. Defendants admit that HARLEM SUSHI INC. d/b/a SUSHI SUSHI. is doing business under the name "SUSHI SUSHI", and located at 1504 Amsterdam Ave, New York, NY 10031. Defendants deny the remaining allegations asserted in Paragraph 10 of the Amended Complaint, and leave Plaintiffs to their proofs.

"<u>AS TO CORPORATE DEFENDANTS</u>"

*Sushi Sushi Holdings Inc.*

11.     Defendants admit that SUSHI SUSHI HOLDINGS INC. is doing business under the name "SUSHI SUSHI", and located at 126 MacDougal St, New York, NY 10012. Defendants deny the remaining allegations asserted in Paragraph 11 of the Amended Complaint, and leave Plaintiffs to their proofs.

12.     Defendants admit that SUSHI SUSHI HOLDINGS INC. is doing business under the name "SUSHI SUSHI", and located at 126 MacDougal St, New York, NY 10012.  Defendants deny the remaining allegations asserted in Paragraph 12 of the Amended Complaint, and leave Plaintiffs to their proofs.

13.     Defendants deny the allegations asserted in Paragraph 13 of the Amended Complaint and leave Plaintiffs to their proofs.

14.     Paragraph 14 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation

asserted in Paragraph 14 of the Amended Complaint.

15.     Paragraph 15 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 15 of the Amended Complaint.

16.     Paragraph 16 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 16 of the Amended Complaint.

***Harlem Sushi Inc.***

17.     Defendants admit that HARLEM SUSHI INC. d/b/a SUSHI SUSHI. is doing business under the name "SUSHI SUSHI", and located at 1504 Amsterdam Ave, New York, NY 10031. Defendants deny the remaining allegations asserted in Paragraph 17 of the Amended Complaint, and leave Plaintiffs to their proofs.

18.     Defendants admit that HARLEM SUSHI INC. d/b/a SUSHI SUSHI. is doing business under the name "SUSHI SUSHI", and located at 1504 Amsterdam Ave, New York, NY 10031. Defendants deny the remaining allegations asserted in Paragraph 18 of the Amended Complaint, and leave Plaintiffs to their proofs.

19.     Defendants deny the allegations asserted in Paragraph 19 of the Amended Complaint and leave Plaintiffs to their proofs.

## "**AS TO INDIVIDUAL DEFENDANTS**"

20.     Paragraph 20 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 20 of the Amended Complaint.

21.     Defendants deny the allegations asserted in Paragraph 21 of the Amended Complaint and

leave Plaintiffs to their proofs.

22.      Paragraph 22 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 22 of the Amended Complaint.

23.      Defendants deny the allegations asserted in Paragraph 23 of the Amended Complaint and leave Plaintiffs to their proofs.

24.      Paragraph 24 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 24 of the Amended Complaint.

25.      Paragraph 25 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 25 of the Amended Complaint.

26.      Defendants deny the allegations asserted in Paragraph 26 of the Amended Complaint and leave Plaintiffs to their proofs.

27.      Defendants deny the allegations asserted in Paragraph 27 of the Amended Complaint and leave Plaintiffs to their proofs.

28.      Paragraph 28 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 28 of the Amended Complaint.

29.      Defendants deny the allegations asserted in Paragraph 29 of the Amended Complaint and leave Plaintiffs to their proofs.

## "**AS TO STATEMENT OF FACTS**"

30.      Paragraph 30 of the Amended Complaint asserts legal conclusions to which no answer is

required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 30 of the Amended Complaint.

31.     Paragraph 31 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 31 of the Amended Complaint.

### *Plaintiff Ricardo Cajero Torres*

32.     Defendants deny the allegations asserted in Paragraph 32 of the Amended Complaint and leave Plaintiffs to their proofs.

33.     Defendants deny the allegations asserted in Paragraph 33 of the Amended Complaint and leave Plaintiffs to their proofs.

34.     Defendants deny the allegations asserted in Paragraph 34 of the Amended Complaint and leave Plaintiffs to their proofs.

35.     Defendants deny the allegations asserted in Paragraph 35 of the Amended Complaint and leave Plaintiffs to their proofs.

36.     Paragraph 36 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 36 of the Amended Complaint.

37.     Paragraph 37 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 37 of the Amended Complaint.

38.     Paragraph 38 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 38 of the Amended Complaint.

39.     Paragraph 39 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 39 of the Amended Complaint.

40.     Paragraph 40 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 40 of the Amended Complaint.

### *Plaintiff Mario Bautista*

41.     Defendants deny the allegations asserted in Paragraph 41 of the Amended Complaint and leave Plaintiffs to their proofs.

42.     Defendants deny the allegations asserted in Paragraph 42 of the Amended Complaint and leave Plaintiffs to their proofs.

43.     Defendants deny the allegations asserted in Paragraph 43 of the Amended Complaint and leave Plaintiffs to their proofs.

44.     Paragraph 44 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 44 of the Amended Complaint.

45.     Defendants deny the allegations asserted in Paragraph 45 of the Amended Complaint and leave Plaintiffs to their proofs.

46.     Paragraph 46 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 46 of the Amended Complaint.

47.     Paragraph 47 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation

asserted in Paragraph 47 of the Amended Complaint.

48.     Paragraph 48 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 48 of the Amended Complaint.

49.     Paragraph 49 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 49 of the Amended Complaint.

50.     Defendants deny the allegations asserted in Paragraph 50 of the Amended Complaint and leave Plaintiffs to their proofs.

51.     Paragraph 51 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 51 of the Amended Complaint.

52.     Defendants deny the allegations asserted in Paragraph 52 of the Amended Complaint and leave Plaintiffs to their proofs.

53.     Defendants deny the allegations asserted in Paragraph 53 of the Amended Complaint and leave Plaintiffs to their proofs.

54.     Defendants deny the allegations asserted in Paragraph 54 of the Amended Complaint and leave Plaintiffs to their proofs.

55.     Defendants deny the allegations asserted in Paragraph 55 of the Amended Complaint and leave Plaintiffs to their proofs.

56.     Paragraph 56 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 56 of the Amended Complaint.

57.    Paragraph 57 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 57 of the Amended Complaint.

58.    Paragraph 58 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 58 of the Amended Complaint.

59.    Defendants deny the allegations asserted in Paragraph 59 of the Amended Complaint and leave Plaintiffs to their proofs.

60.    Paragraph 60 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 60 of the Amended Complaint.

## **"AS TO COLLECTIVE ACTION ALLEGATIONS"**

61.    Paragraph 61 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 61 of the Amended Complaint.

62.    Paragraph 62 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 62 of the Amended Complaint.

63.    Paragraph 63 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 63 of the Amended Complaint.

64.    Paragraph 64 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation

asserted in Paragraph 64 of the Amended Complaint.

65.     Paragraph 65 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 65 of the Amended Complaint.

66.     Paragraph 66 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 66 of the Amended Complaint.

67.     Paragraph 67 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 67 of the Amended Complaint.

68.     Paragraph 68 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 68 of the Amended Complaint.

69.     Paragraph 69 of the Amended Complaint, and its subparagraphs, asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 69 of the Amended Complaint.

70.     Paragraph 70 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 70 of the Amended Complaint.

71.     Paragraph 71 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 71 of the Amended Complaint.

"**AS TO STATEMENT OF CLAIM**"

**AS TO COUNT I**
**[Violation of the Fair Labor Standards Act – Minimum Wage**
**Brought on behalf of the Plaintiffs and the FLSA Collective]**

72.     Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

73.     Paragraph 73 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 73 of the Amended Complaint.

74.     Paragraph 74 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 74 of the Amended Complaint.

75.     Defendants deny the allegations asserted in Paragraph 75 of the Amended Complaint and leave Plaintiffs to their proofs.

76.     Paragraph 76 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 76 of the Amended Complaint.

77.     Defendants deny the allegations asserted in Paragraph 77 of the Amended Complaint and leave Plaintiffs to their proofs.

78.     Paragraph 78 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 78 of the Amended Complaint.

79.     Paragraph 79 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation

asserted in Paragraph 79 of the Amended Complaint.

## AS TO COUNT II
### [Violation of New York Labor Law – Minimum Wage
### Brought on behalf of Plaintiffs]

80.     Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

81.     Paragraph 81 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 81 of the Amended Complaint.

82.     Paragraph 82 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 82 of the Amended Complaint.

83.     Paragraph 83 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 83 of the Amended Complaint.

## AS TO COUNT III
### [Violation of the Fair Labor Standards Act – Overtime Wage
### Brought on Behalf of the Plaintiff and the FLSA Collective]

84.     Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

85.     Paragraph 85 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 85 of the Amended Complaint.

86.     Paragraph 86 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation

asserted in Paragraph 86 of the Amended Complaint.

87.     Paragraph 87 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 87 of the Amended Complaint.

88.     Paragraph 88 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 88 of the Amended Complaint.

89.     Paragraph 89 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 89 of the Amended Complaint.

90.     Paragraph 90 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 90 of the Amended Complaint.

91.     Paragraph 91 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 91 of the Amended Complaint.

**"AS TO COUNT IV"**
**[Violations of the New York Labor Law– Overtime Wage]**

92.     Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

93.     Paragraph 93 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 93 of the Amended Complaint.

94.     Paragraph 94 of the Amended Complaint asserts legal conclusions to which no answer is

13

required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 94 of the Amended Complaint.

95.     Paragraph 95 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 95 of the Amended Complaint.

## "AS TO COUNT V"
### [Violation of New York Labor Law – Spread of Hour Pay]

96.     Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

97.     Paragraph 97 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 97 of the Amended Complaint.

98.     Paragraph 98 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 98 of the Amended Complaint.

## "AS TO COUNT VI"
### [Violation of Fair Labor Standards Act – Failure Reimburse for Expenses relating to Tools of the Trade]

99.     Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

100.    Defendants deny the allegations asserted in Paragraph 100 of the Amended Complaint and leave Plaintiffs to their proofs.

101.    Defendants deny the allegations asserted in Paragraph 101 of the Amended Complaint and leave Plaintiffs to their proofs.

102.    Paragraph 102 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 102 of the Amended Complaint.

### "AS TO COUNT VII"
### [Violation of New York Labor Law – Time of Hire Wage Notice Requirement]

103.    Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

104.    Paragraph 104 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 104 of the Amended Complaint.

105.    Paragraph 105 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 105 of the Amended Complaint.

### "AS TO COUNT VIII"
### [Violation of New York Labor Law – New York Pay Stub Requirement]

106.    Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

107.    Paragraph 107 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 107 of the Amended Complaint.

108.    Paragraph 108 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 108 of the Amended Complaint.

109.    Paragraph 109 of the Amended Complaint asserts legal conclusions to which no answer

is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 109 of the Amended Complaint.

## "AS TO PRAYER FOR RELIEF"

Defendants deny the allegations asserting prayer for relief, and its subparagraphs, and aver that Plaintiffs are not entitled to any of the relief requested therein or any other relief.

## AFFIRMATIVE DEFENSES

Defendants assert the following allegations as affirmative defenses without admitting that it bears the burden of persuasion or presentation of evidence on each or any of these matters.

## FIRST AFFIRMATIVE DEFENSE

1.    The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.    At no time material hereto did any of the Defendants act in a willful, wanton, reckless, and or malicious manner or with reckless disregard of the applicable laws.

## THIRD AFFIRMATIVE DEFENSE

3.    Plaintiffs are not entitled to any of the relief requested in the Complaint and Defendants acted in good faith at all times.

## FOURTH AFFIRMATIVE DEFENSE

4.    Plaintiffs' claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, by the doctrines of laches, delay, waiver, estoppel, acquiescence, and or excuse.

## FIFTH AFFIRMATIVE DEFENSE

5.    Plaintiffs' claims, and the claims of each putative member of the purported class defined

in the Complaint as others similarly situated, are barred, in whole or in part, by misconduct on each Plaintiff's part and/or unsatisfactory job performance.

### SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiffs' claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, by the failure to utilize internal procedures to seek redress of any complaints.

### SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiffs' claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, by the failure to mitigate damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiffs' claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, by the doctrine of unclean hands, estoppel, accord and satisfaction, offset and/or setoff.

### NINTH AFFIRMATIVE DEFENSE

9.      Defendants are not "employers" under the FLSA, or the NYLL.

### TENTH AFFIRMATIVE DEFENSE

10.     The Complaint is barred, in whole or in part, by misconduct on each Plaintiff's part and/or unsatisfactory job performance.

### ELEVENTH AFFIRMATIVE DEFENSE

11.     The Complaint is barred, in whole or in part, based upon Plaintiff's fraudulent conduct concerning the alleged hours worked.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiffs' claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, by the applicable statute of limitations, including but not limited to, the Portal-to-Portal Pay Act, 29 U.S.C. Section 255, and New York Labor Law Section 663.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiffs' claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, fail to set forth allegations with particularity and specificity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiffs' claimed damages, and the alleged damages of each putative member of the purported class defined in the Complaint as others similarly situated, if any, were caused by their own actions and/or omissions.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiffs' claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred as they have ratified the activities of the Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiffs' claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, fails to state a claim upon which compensatory, punitive or liquidated damages may be granted.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Any act(s) and/or omission(s) which may be found to be in violation of the rights

afforded by the applicable law(s) asserted herein were not willful, but occurred in good faith and were based upon reasonable factors.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     An award of liquidated damages would be an unconstitutional denial of Defendants' rights to due process and/or equal protection under the Fifth and Fourteenth Amendments to the United States Constitution.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiffs' claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred in whole or in part because the work alleged to be unpaid is not compensable time under the applicable laws, including because it was preliminary, postliminary and/or *de minimis*.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiffs' claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred because the work alleged to be unpaid is invalid.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Plaintiffs' claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred as each Plaintiff's claims fail to satisfy class and or collective action criteria, and therefore cannot proceed as a class or collective action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiffs' claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred because the Complaint is uncertain in that the purported class definition is ambiguous and conclusory.

19

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     The types of claims alleged by each Plaintiff on behalf of himself, and on behalf of the purported class defined in the Complaint as others similarly situated, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for collective or class action treatment.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     If Defendants' alleged failure to pay each Plaintiff, and of each putative member of the class she purports to represent, as defined in the Complaint as others similarly situated, overtime wages was unlawful, although such is not admitted, Defendants have a good faith and reasonable belief that the failure to pay such wages was not unlawful and none of Defendants' actions or omissions constitute a willful violation of the FLSA or NYWHL.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     If Defendants' alleged failure to pay each Plaintiff, and each putative member of the class they purport to represent, as defined in the Complaint as others similarly situated, overtime wages were unlawful, although such is not admitted, and each Plaintiff has not demonstrated and cannot demonstrate facts sufficient to warrant an award of liquidated damages.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Plaintiffs' claims and the claims of each putative member of the purported class defined in the Complaint as others similarly situated are barred, in whole or in part, by the doctrines of accord and satisfaction and payment.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     Plaintiffs' claims and the claims of each putative member of the purported class defined in the Complaint as others similarly situated are barred, in whole or in part, by their knowing and

voluntary, express or implied, agreement to and participation in the compensation agreement(s), arrangement(s), plan(s), and/or scheme(s), which he now claims is illegal.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     Plaintiffs' claims and the claims of each putative member of the purported class defined in the Complaint as others similarly situated are barred, in whole or in part, because such claims have been released, waived, discharged, and/or abandoned.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     The Complaint fails to the extent it asserts an action on behalf of others similarly situated because each Plaintiff is not an adequate representative of the purported class.

## THIRTIETH AFFIRMATIVE DEFENSE

30.     The Complaint fails to the extent it asserts a class type action because the claims alleged by Plaintiff are neither common to nor typical of those of the class he purports to represent, as defined in the Complaint as others similarly situated.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     Plaintiffs' claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, because each Plaintiff failed to satisfy the prerequisites for class certification or collective action and, therefore, lacks standing to bring these claims and cannot represent the interests of others as to each of the purported causes of action.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.     Defendants acted in good faith at all times and without fraud or malice toward each Plaintiff and each putative member of the class he purports to represent.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33.     Plaintiffs' claims are barred, as upon information and belief, each Plaintiff is exempt under the FLSA and applicable New York State Wage and Hour laws.

### ADDITIONAL DEFENSES

34.     Defendants reserve the right to raise any additional defenses as may be found to be merited during the course of discovery in, or trial of, this action, including without limitation any equitable defenses.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants, demand a trial by jury on all issues so triable.

### DESIGNATION OF TRIAL COUNSEL

The Court is hereby advised that Michael K. Chong, Esq., is hereby designated as trial counsel on behalf of Defendants.

**WHEREFORE,** Defendants respectfully request that this Court enter judgment in their favor, dismiss the Complaint with prejudice, award Defendants their costs, attorney's fees and expenses, and grant such other relief as this Court deems proper and just.

Dated: June 6, 2019                                        Respectfully submitted,

                                                           By: _Michael K. Chong_
                                                           Michael K. Chong, Esq.
                                                           *Attorney for Defendants*

                                                           2 Executive Drive, Ste. 720
                                                           Fort Lee, NJ 07024
                                                           Ph#: (201) 947-5200

Fx#: (201) 708-6676

300 Hudson Street, Ste. 10
Hoboken, NJ 07030
Ph#: (201) 203-7476
Fx#: (201) 708-6676

1250 Broadway, 36th Floor, Ste. 300
New York, NY 10010
Ph#: (212) 726-1104
Fx#: (212) 726-3104
MKC@mkclawgroup.com