UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICARDO CAJERO TORRES, et al.,

                                        Plaintiffs,                    19 Civ. 2532 (PAE) (RWL)

                    -v-                                                ORDER

SUSHI SUSHI HOLDINGS INC., et al.,

                                        Defendants.

---

PAUL A. ENGELMAYER, District Judge:

On December 23, 2020, the Court held a conference in this case.  At that conference, the

Court set a deadline of February 5, 2021, for the parties to submit a joint proposed pretrial order

and all other pretrial filings required by the Court's Individual Rule 5.A–B.  Dkt. 49.  The same

day, the Court, by order, expressed its dismay with the failure by plaintiffs' counsel "to seek any

discovery in this case until many months after its deadline to do so, including its failure to obtain

any discovery whatsoever regarding one of the plaintiffs," and directed plaintiffs' counsel to file

a sworn declaration explaining why its conduct complied with its professional obligations to

each of its three clients.  Dkt. 50.  On January 4, 2021, the Court extended the deadline for the

parties' pretrial submissions, to February 23, 2020.  Dkt. 57.

On February 5, 2021, the Court granted defendants' counsel's motion to withdraw, over

plaintiffs' objection.  Dkts. 65, 71.  Because two of the defendants are corporations, which

cannot proceed *pro se* in federal court, *see Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir.

2007), the Court stated in its order granting the withdrawals that it would "entertain a motion for

entry of default as to those defendants" should they fail to obtain successor counsel.  Dkt. 71

at 1–2.  On February 12, 2021, plaintiffs sought leave to move for a default judgment against

those corporate defendants.  In the same letter, they stated that the "[p]arties do not intend to move the pre-trial submission deadlines."  Dkt. 73 at 1.  On February 16, 2021, the Court authorized plaintiffs to move for such default and confirmed that "[a]ll deadlines for matters not involving the corporate defendants remain in place."  Dkt. 75 at 1.

On February 23, 2021, the deadline for the parties' pretrial submissions, they did not file anything.  They have yet to do so, and have not sought an extension of time to do so.  Nor have the plaintiffs sought a Clerk's certificate of default, or moved for a default judgment against the corporate defendants.  Accordingly, it is hereby ORDERED that the parties file a joint proposed pretrial order, and all other filings required by the Court's Individual Rule 5.A–B, including any motions *in limine*, by **Friday, March 5, 2021 at 5:00 p.m.**[1]  Failure to do so will result in dismissal of this case, for failure to prosecute, without prejudice to plaintiffs' right to file a new lawsuit.  Any oppositions to motions *in limine* must be filed by March 12, 2021.  Absent extraordinary circumstances, the Court does not expect to extend these deadlines further.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: February 26, 2021
      New York, New York

---

[1] For avoidance of doubt, failure by defendants to cooperate in the submission of the joint pretrial order will not relieve plaintiffs of their obligation to file their portions of the joint pretrial order by this date and time.