UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

RICARDO CAJERO TORRES, et al.,

                            Plaintiffs,

                  -v-

SUSHI SUSHI HOLDINGS INC., et al.,

                            Defendants.

19 Civ. 2532 (PAE) (RWL)

ORDER

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

      On February 26, 2021, after the parties, without explanation, failed to timely file their pretrial submissions, the Court issued an order requiring such filings by March 5, 2021, and stating that the Court would dismiss the case, without prejudice, should they fail to so file. *See* Dkt. 81. The same day, the Court received a request from *pro se* defendant Igor Grinberg, seeking an extension of time to submit his pretrial filings, and asking that the Court not strike the defendants' answer, stay any default judgment proceedings, and preclude plaintiffs from adducing new evidence or exhibits. Dkt. 80. On February 27, 2021, plaintiffs filed a letter stating that they had prepared a proposed pretrial order and sent it to defendants, but that defendants had failed to contribute to it. Dkt. 82. They also oppose Grinberg's other requests. *Id.*

      In light of the parties' competing letters, the Court hereby orders as follows. First, plaintiffs remain at liberty to move for a default judgment against the corporate defendants. Corporations cannot represent themselves in federal court, *see Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007), and the corporate defendants here lack counsel. The Court therefore denies defendants' request for a stay of any default proceedings. Second, discovery in this case remains closed, and plaintiffs have identified very few trial exhibits in their draft of the joint

pretrial order. *See* Dkt. 82-1. However, the Court perceives no reason to impose further evidentiary restrictions on them, as Grinberg requests. That request is therefore denied. Third and finally, the Court orders the following schedule for pretrial submissions. Recognizing that the fault for the parties' failure to meet their pretrial deadlines lies largely, though not entirely, with defendants, the Court grants a one-week extension, to **March 12, 2021,** for the parties to submit their pretrial documents: motions *in limine* (if any), proposed *voir dire* questions, proposed jury charges, and a joint pretrial order. Defendants must timely cooperate with plaintiffs in the preparation of those materials; the Court will not grant any further extensions of this deadline. Defendants' failure to participate in the preparation of a joint pretrial order, or separately to submit their required portions of the joint pretrial order, will result in adverse consequences, including the preclusion of (1) defense motions *in limine* and (2) a defense case at trial. If defendants fail to comply with this order, plaintiffs shall still, solely on their own behalf, submit all filings mentioned above, and required by the Court's Individual Rule 5.A–B, by March 12, 2021.

        Plaintiffs are directed to serve this order on the individual defendants forthwith.

        SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: March 2, 2021
       New York, New York