UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------

RICARDO CAJERO TORRES, et al.,

                                Plaintiffs,                19 Civ. 2532 (PAE) (RWL)

              -v-

SUSHI SUSHI HOLDINGS INC., et al.,                  ORDER

                                Defendants.

------

PAUL A. ENGELMAYER, District Judge:

        The Court has been advised that the parties, regrettably, were unable to reach settlement in this case. As discussed at the April 6, 2021 pretrial conference and set forth in both the parties' proposed joint pretrial order and plaintiffs' second amended complaint, it appears uncontested that all of the claims asserted by plaintiff Manuel Diaz Cortes fall outside the Fair Labor Standards Act's statute of limitations. *See* 29 U.S.C. § 255(a) (FLSA statute of limitations is at most three years); Dkt. 37 ("SAC") ¶ 54 (Cortes allegedly worked for defendants only until June 2016 but did not assert claims in this action until September 2019); Dkt. 84 ("JPTO") at 2.

        Accordingly, plaintiffs are directed, by April 23, 2021, to identify the basis in admissible evidence, if any, for finding Cortes's FLSA claims to be timely and, in any event, the basis, if any, for exercising supplemental jurisdiction over any timely New York Labor Law claims asserted by Cortes. If plaintiffs cannot do so, the Court intends to dismiss all of Cortes's claims.

        The Court has also received a letter from defendant Igor Grinberg regarding plaintiffs' pending motion *in limine* and the propriety of each party's use of certain documents as exhibits at trial. Dkt. 100. In their motion *in limine*. plaintiffs contend that defendants did not provide most of their proposed trial exhibits during discovery and that, despite plaintiffs never having

*sought* such discovery, the Court should preclude defendants' use of those unproduced exhibits at trial. *See* Dkt. 91. Defendants respond that they, in fact, produced all such documents to plaintiffs during discovery, Dkt. 95, and, in any event, now sent those documents to plaintiffs as directed by the Court at the April 6, 2021 pretrial conference, Dkt. 101. In addition, in his most recent letter, Grinberg asserts that the documents plaintiffs provided to him after the settlement conference do not reflect those identified in plaintiffs' portion of the proposed joint pretrial order. *Id.* He therefore seeks to preclude plaintiffs from introducing the exhibits they describe in that order, but have not yet produced to defendants. *Id.*

The Court cannot discern from the present record which documents, if any, were provided by each side to the other during discovery in this case, or more recently. In order to facilitate the resolution of the pending disputes over trial exhibits, the parties are directed to file on the docket of this case (1) a copy of each of their proposed trial exhibits, as well as (2) proof of each instance in which they contend that they produced each document to the other side, both during discovery and since its close. Such filings are also due by April 23, 2021.

SO ORDERED.

                                           *Paul A. Engelmayer*
                                           PAUL A. ENGELMAYER
                                           United States District Judge

Dated: April 16, 2021
        New York, New York