UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICARDO CAJERO TORRES, et al.,

                              Plaintiffs,

-v-

SUSHI SUSHI HOLDINGS INC., et al.,

                              Defendants.

19 Civ. 2532 (PAE) (RWL)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Clerk of Court is respectfully directed to attempt to locate *pro bono* counsel to represent defendants Igor Grinberg and Angeline Herrera at the trial in this case scheduled for September 7, 2021, as a backup to the criminal trial also scheduled for that day.

## LEGAL STANDARD

Federal law provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" to decide whether to seek *pro bono* representation for litigants who cannot afford their own counsel. *Id.* Even if a court does believe that a litigant should have a free lawyer, it has no authority to "appoint" counsel in civil cases, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to request *pro bono* counsel for a litigant who cannot afford counsel. 802 F.2d at 61–62. The litigant must first demonstrate that he or she is unable to pay for legal services, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, each case must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

The individual defendants have been unable to pay their original, retained counsel, and at several conferences, including one this week, not only represented to the Court that they lack the funds to pay any counsel for legal services, but credibly stated that Igor Grinberg is on the verge of bankruptcy and intends to file for bankruptcy in the event of any monetary judgment against him in this case. The individual defendants therefore qualify as indigent for purposes of the *Hodge* factors.

In the Second Amended Complaint, plaintiffs assert a variety of claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") against both defendants, including that defendants failed to pay them the minimum wage and overtime payments. *See* Dkt. 37 ("SAC"). Defendants deny all of these claims. They have denied at several conferences

2

that Herrera has any managerial role that could subject her to liability as an employer under either the FLSA or NYLL, and contend that there is *no* evidence to that effect in the record. *See also, e.g.*, Dkt. 95 at 3–4. And they have described substantial evidence they contend shows that they are not liable for the violations plaintiffs allege. *See, e.g.*, Dkt. 84 at 8–9; Dkt. 95 at 2–3. But because no party filed any dispositive motions in this case, it is now on the verge of trial. *See* Dkt. 120 (notifying the parties that this case has second priority for trial on September 7, 2021). It thus seems likely that their defenses are "likely to be of substance." *Hodge*, 802 F.2d at 61–62.

The Court similarly finds that the other *Hodge* factors weigh in favor of seeking *pro bono* counsel for the individual defendants. Given the dearth of fact discovery taken in this case, *see* Dkt. 50, and the parties' polar positions on the basic facts at issue, "conflicting evidence implicating the need for cross-examination will," in all likelihood, "be the major proof presented to the fact finder" at trial, *Hodge*, 802 F.2d at 60–61. Similarly, although the subject-matter of this case does not appear likely to present particularly difficult legal issues, the impending trial and the complexities presented by that posture makes defendants' "ability to present the case" weigh strongly in favor of seeking *pro bono* counsel. *Id.* In sum, representation here would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Id.* at 61. Accordingly, the Court will endeavor to obtain *pro bono* counsel to represent the individual defendants at trial.

## CONCLUSION

For the foregoing reasons, the Court respectfully directs the Clerk of Court to attempt to locate *pro bono* counsel to represent individual defendants Igor Grinberg and Angeline Herrera at trial in this case. The Court advises defendants that there are no funds to retain counsel in civil

cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, some time may pass before counsel volunteers to represent defendants. Nevertheless, this litigation will progress at a normal pace. If an attorney volunteers, the attorney will contact defendants directly, but only after the Court has confirmed with defendants that *pro bono* counsel has been secured. There is no guarantee, however, that a volunteer attorney will decide to take the case, and defendants should be prepared to proceed with the September 7, 2021 trial *pro se* if no counsel so decides (as discussed with the parties, that trial date remains subject to whether, *inter alia*, the criminal trial that has priority over this case on September 7, 2021 goes forward or not). Of course, if an attorney offers to take the case, it is entirely defendants' decision whether to retain that attorney or not. The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: July 9, 2021
New York, New York