UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Ricardo Cajero Torres, Mario Bautista, and Manuel Diaz Cortes, each individually and on behalf of all other employees similarly situated,

      Plaintiffs,

    - against -

Sushi Sushi Holdings Inc. d/b/a Sushi Sushi, Harlem Sushi Inc. d/b/a Sushi Sushi, Igor Grinberg, and Angie Herrera,

      Defendants.

Case No. 19-cv-02532

**AMENDED JOINT PRETRIAL ORDER [PROPOSED]**

---

Hon. Paul A. Engelmayer, United States District Judge:

  Plaintiffs Ricardo Cajero Torres and Mario Bautista ("Plaintiffs") and Defendants Igor Grinberg and Angie Herrera ("Defendants") jointly propose the following statements, directions and agreements as the Amended Pretrial Order:

**i. FULL CAPTION**

  The caption is as above.

**ii. TRIAL COUNSEL**

| Counsel for Plaintiffs | Counsel for Defendants |
|---|---|
| Shan Zhu Esq.<br>Hang & Associates PLLC<br>136-08 38th Ave., Suite 10G<br>Flushing, NY 11354<br>Tel: (718) 353-8588<br>Fax: (718) 353-6288<br>szhu@hanglaw.com | Madalyn G. Vaughn<br>Katherine DuBois<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel: (212) 474-1000<br>Fax: (212) 474-3700<br>mvaughn@cravath.com<br>kdubois@cravath.com |

**iii.　SUBJECT MATTER JURISDICTION**

*Plaintiffs' Statement*

Plaintiffs brought this case alleging subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. §1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

*Defendants' Statement*

Defendants do not contest subject matter jurisdiction.

**iv.　BRIEF STATEMENT OF EACH CLAIM AND DEFENSE**

This is an action for money damages brought by Plaintiffs Ricardo Cajero Torres and Mario Bautista. Plaintiffs bring this suit alleging, among other things, minimum wage, and overtime violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"). Plaintiffs assert the following claims, all of which remain to be tried:

**1.　Violations of FLSA and NYLL – Minimum Wage pursuant to 29 U.S.C. § 206; N.Y. Lab. Law § 652(1).**

In response, Defendants assert and will prove at trial that they complied with all applicable laws and regulations.

**2.　Violations of FLSA – Overtime Wage pursuant to 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).**

In response, Defendants assert and will prove at trial that they complied with all applicable laws and regulations.

3. **Violation of FLSA – Failure to reimburse for expenses relating to tools of trade pursuant to 29 C.F.R. § 531.35.**

In response, Defendants assert and will prove at trial that they complied with all applicable laws and regulations.

4. **Violation of FLSA – Improper Retention of Tips/Gratuities pursuant to 29 U.S.C. § 203.**

In response, Defendants assert and will prove at trial that they complied with all applicable laws and regulations.

5. **Violation of NYLL – Overtime Pay pursuant to N.Y. Lab. Law § 232.**

In response, Defendants assert and will prove at trial that they complied with all applicable laws and regulations.

6. **Violation of NYLL – Spread of Hour Pay pursuant to §§ 190,** *et seq.***, and §§ 650,** *et seq.***, and New York State Department of Labor regulations § 146-1.6.**

In response, Defendants assert and will prove at trial that they complied with all applicable laws and regulations.

7. **Violation of NYLL – Time of Hire Wage Notice Requirement pursuant to N.Y. Lab. Law § 195(1).**

In response, Defendants assert and will prove at trial that they complied with all applicable laws and regulations.

8. **Violation of NYLL – New York Pay Stub Requirement pursuant to N.Y. Lab. Law § 195(1)(d).**

In response, Defendants assert and will prove at trial that they complied with all applicable laws and regulations.

      **9.**      **Violation of NYLL – Gratuities Violations pursuant to N.Y. Lab. Law § 196-d.**

In response, Defendants assert and will prove at trial that they complied with all applicable laws and regulations.

**v.**      **WHETHER TRIAL IS TO A BENCH OR JURY TRIAL**

The case is to be tried with a jury. The parties anticipate trial to take no more than four to five days.

**vi.**      **WHETHER THE PARTIES CONSENT TO TRIAL OF THE CASE BY A MAGISTRATE JUDGE**

The parties have not unanimously consented to trial by a magistrate judge.

**vii.**      **JOINT STIPULATIONS OF FACT AND LAW**

**JOINT STIPULATIONS OF FACT**

The parties stipulate that the following facts are true and thus no proof is necessary. However, no concessions are made as to the materiality or relevance of these facts.

      **1.**      Plaintiffs Ricardo Cajero Torres and Mario Bautista filed the present action in the United States District Court for the Southern District of New York on March 21, 2019.

      **2.**      Defendant Sushi Sushi Holdings Inc. is a domestic corporation organized under the laws of the state of New York.

      **3.**      Defendant Harlem Sushi Inc. is a domestic corporation organized under the laws of the state of New York.

      **4.**      Defendant Harlem Sushi Inc. had an annual gross sale exceeding $500,000 during all relevant times.

      **5.**      Defendant Igor Grinberg was the owner, officer, director and/or managing agent of Sushi Sushi Holdings Inc. and Harlem Sushi Inc. during all relevant times.

6. Defendants Igor Grinberg and Harlem Sushi Inc. own, operate, or control a Japanese-style restaurant under the name of Sushi Sushi located at 1504 Amsterdam Ave., New York, NY 10031, during all relevant times ("Sushi Sushi Harlem").

7. Plaintiffs Mario Bautista and Ricardo Cajero Torres purchased their tools of trade, *i.e.*, electric bikes, before they applied for the delivery worker job.[1]

8. The employees of Sushi Sushi Harlem regularly used ingredients and other items that have traveled or were produced in interstate commerce at all relevant times.

9. Plaintiff Mario Bautista's last day of employment as a delivery worker at Sushi Sushi Harlem was January 20, 2019.

10. Plaintiff Ricardo Cajero Torres's last day of employment as a delivery worker at Sushi Sushi Harlem was January 27, 2019.

11. Manuel Diaz Cortes worked at Sushi Sushi Harlem from August 20, 2014 to April 30, 2015 as a delivery worker.[2]

**JOINT STIPULATIONS OF LAW**

1. The statute of limitations for FLSA actions is two years, or three years in cases of willful violations. 29 U.S.C. § 255.

2. The statute of limitations under the New York Labor Law is six years.

---

[1] Plaintiffs object to the inclusion of this stipulated fact. Plaintiffs do not stipulate to this fact. Defendants note for the Court that this stipulated fact was included as a stipulated fact in the parties' joint pretrial order submitted on March 12, 2021. (ECF No. 84 at 5, Stipulated Fact No. 13.)

[2] Plaintiffs object to the inclusion of this stipulated fact. Plaintiffs do not stipulate to this fact. Defendants note for the Court that this stipulated fact, which incorporates minor grammatical revisions, was included as a stipulated fact in the parties' joint pretrial order submitted on March 12, 2021. (ECF No. 84 at 5, Stipuloded Fact No. 17.)

3. Under both federal and New York law, an employee must be paid a minimum wage. 29 U.S.C. § 206; N.Y.L.L. § 652.

4. Under both federal and New York law, an employee must be paid at the rate of one and one-half times the employee's regular hourly rate for each hour the employee works in excess of 40 hours in a given workweek.  29 U.S.C. § 207; 12 N.Y.C.R.R. § 146-1.4.

5. Overtime pay under the FLSA is calculated by applying a multiplier of one and one half to an employee's "regular rate" of pay.  29 C.F.R. § 778.107; 29 U.S.C. § 207(a)(1).

6. The FLSA defines a "tipped employee" to include any employee that customarily and regularly receives more than $30 per month in tips.  29 U.S.C. § 203(t).

7. From January 1, 2016 through December 31, 2016, the minimum wage for small businesses in New York City was $9.00 per hour for regular employees and the cash minimum payment to tipped employees was $7.50 per hour.

8. From January 1, 2017 through December 31, 2017, the minimum wage for small businesses in New York City was $10.50 per hour and the cash minimum payment to tipped employees was $7.50 per hour.

9. From January 1, 2018 through December 31, 2018, the minimum wage for small businesses in New York City was $12.00 per hour and the cash minimum payment to tipped employees was $8.00 per hour.

10. From January 1, 2019 through December 31, 2019, the minimum wage for small businesses in New York City was $13.50 per hour for regular employees and the cash minimum payment to tipped employees was $9.00 per hour.

**viii.    WITNESS LIST**

**PLAINTIFFS' WITNESSES**

1.    **Ricardo Cajero Torres**:  c/o Hang & Associates, PLLC, 136-20 38th Ave., Suite 10G, Flushing, NY 11354, live testimony in person.  Will testify concerning his employment duration at Defendants' sushi restaurants, the hours he worked for Defendants, the wages he was paid by Defendants, the job duties while employed by Defendants, the overall business of Defendants' sushi restaurant as well as the management and operation at the Defendants' sushi restaurant.

2.    **Mario Bautista**:  c/o Hang & Associates, PLLC, 136-20 38th Ave., Suite 10G, Flushing, NY 11354, live testimony in person.  Will testify concerning his employment duration at Defendants' sushi restaurants, the hours he worked for Defendants, the wages he was paid by Defendants, the job duties while employed by Defendants, the overall business of Defendants' sushi restaurant as well as the management and operation at the Defendants' sushi restaurant.

Plaintiffs reserve the right to call records custodians, if necessary, to authenticate or otherwise lay the foundation for admission of any evidence identified for trial purposes.  Plaintiffs reserve the right to call Defendants' witnesses in the event they do not choose to do so at trial.

Plaintiffs reserve the right to call additional witnesses to rebut Defendants' witnesses' testimony, in accordance with the Federal Rules of Evidence and Federal Rules of Civil Procedure.

Plaintiffs' witness will testify through a Spanish interpreter.

**DEFENDANTS' WITNESSES**

1.    **Ricardo Cajero Torres**:  c/o Hang & Associates, PLLC, 136-20 38th Ave., Suite 10G, Flushing, NY 11354, live testimony in person.  Will testify as to the allegations set forth in the Amended Complaint.

      **2.**      **Mario Bautista**: c/o Hang & Associates, PLLC, 136-20 38th Ave., Suite 10G, Flushing, NY 11354, live testimony in person. Will testify as to the allegations set forth in the Amended Complaint.

      **3.**      **Manuel Diaz Cortes**: c/o Hang & Associates, PLLC, 136-20 38th Ave., Suite 10G, Flushing, NY 11354, live testimony in person.[3] Will testify as to his job duties, hours worked, wages paid, employment duration and general employment practices of Defendants while employed at Sushi Sushi Harlem.

      **4.**      **Angie Herrera**: c/o Cravath, Swaine & Moore LLP, 825 Eighth Avenue, New York, NY 10019, live testimony in person. Will testify as to her job duties during her employment.

      **5.**      **Igor Grinberg**: c/o Cravath, Swaine & Moore LLP, 825 Eighth Avenue, New York, NY 10019, live testimony in person. Will testify as to the job duties, hours, wages and tips paid to Plaintiffs during their employment and the job duties of Defendant Angie Herrera. Will also testify as to the general employment practices of Defendants.

Defendants reserve the right to call records custodians, if necessary, to authenticate or otherwise lay the foundation for admission of any evidence identified for trial purposes.

Defendants reserve the right to call Plaintiffs' witnesses in the event they do not choose to do so at trial. Defendants reserve the right to call additional witnesses to rebut Plaintiffs' witnesses' testimony.

**ix.**    **DEPOSITION TESTIMONY**

None.

---

[3] Plaintiffs object to Defendants' witness Manuel Diaz Cortes because Mr. Cortes is no longer a party in this matter. Defendants have not yet subpoenaed Mr. Cortes for trial.

x.  **EXHIBITS**

Plaintiffs and Defendants reserve the right to offer additional exhibits for the purpose of impeachment. Exhibits listed as P-x will be offered by Plaintiffs. Exhibits listed as D-x will be offered by Defendants.

| Exhibit | Description | Objections[4] |
|---|---|---|
| P-1 | Plaintiffs' Complaint | ** |
| P-2 | Defendants' Answer | ** |
| P-3 | Pay checks to Plaintiff Ricardo Torres in 2018 (Defendants' Ex. D-27) | ** |
| P-4 | Plaintiff Ricardo Torres's 1099 for 2018 (Defendants' Ex. D-9) | ** |
| P-5 | Plaintiff Ricardo Torres's time record from 2016 to 2018 (Defendants' Ex. D-15) | ** |
| P-6 | Plaintiff Ricardo Torres's pay records from 2016 to 2018 (Defendants' Ex. D-14) | ** |
| P-7 | Handwritten record of Plaintiff Bautista's pay record in 2018 (Defendants' Ex. D-23) | ** |

| Exhibit | Description | Objections[5] |
|---|---|---|
| D-1 | Minimum wage poster 2019 | ** |
| D-2 | Letter from IRS re: invalid social security number for Plaintiff Ricardo Cajero Torres | * |
| D-3 | Image of social security card presented by Plaintiff Ricardo Cajero Torres for employment | * |
| D-4 | Plaintiff Ricardo Cajero Torres's employment application | |
| D-5 | Video of Plaintiff Ricardo Cajero Torres | |
| D-6 | Text messages from Plaintiff Ricardo Cajero Torres | * |
| D-7 | Defendant Angie Herrera's paystub records | * |
| D-8 | Wage notice for Plaintiff Ricardo Cajero Torres | ** |
| D-9 | Plaintiff Ricardo Cajero Torres's 2018 Form 1099 | ** |
| D-10 | Plaintiff Ricardo Cajero Torres's 2018 Form W-9 | * |

---

[4] One star indicates exhibits to which no party objects on grounds of authenticity, and two stars indicates exhibits to which no party objects on any ground. No star means at least one party objects to the exhibit on authenticity and/or another ground.

[5] Defendants note that Plaintiffs did not previously lodge objections to Exhibit Nos. D-3, D-10, and D-13. (*See* ECF No. 84 at 8-9.) Moreover, Plaintiffs did not previously object to Exhibit Nos. D-23 or D-24 on grounds other than authenticity. (*Id.*) Defendants disagree that Plaintiffs may add new or different objections at this time.

| Exhibit | Description | Objections[5] |
|---|---|---|
| D-11 | Pay records for Plaintiff Mario Bautista | ** |
| D-12 | Time records for Plaintiff Mario Bautista | ** |
| D-13 | Tip statement for Plaintiff Mario Bautista | |
| D-14 | Pay records for Plaintiff Ricardo Cajero Torres | ** |
| D-15 | Time records for Plaintiff Ricardo Cajero Torres | ** |
| D-16 | Tip statement for Plaintiff Ricardo Cajero Torres | ** |
| D-17 | Pay records for Manuel Cortes | * |
| D-18 | Time records for Manuel Cortes | * |
| D-19 | Tip statement for Manuel Cortes | * |
| D-20 | Paystubs for Plaintiff Mario Bautista | ** |
| D-21 | Paystubs for Plaintiff Ricardo Cajero Torres | ** |
| D-22 | Paystubs for Manuel Cortes | * |
| D-23 | Cash payments for Plaintiff Mario Bautista | * |
| D-24 | Cash payments for Plaintiff Ricardo Cajero Torres | * |
| D-25 | Cash payments for Manuel Cortes | * |
| D-26 | Amazon receipt for bike parts purchased for Plaintiff by Defendant | |
| D-27 | Check payments to Plaintiff Ricardo Cajero Torres (2018) | ** |
| D-28 | Sushi Sushi Holdings Inc. corporate tax returns | |

Dated:  November 17, 2021                                               Respectfully submitted,


_____/s/ Shan Zhu_____                        */s/ Madalyn G. Vaughn*_____
Shan Zhu, Esq.                                                              Madalyn G. Vaughn
                                                                                         Katherine DuBois
Hang & Associates, PLLC                                          Cravath Swaine & Moore LLP
                                                                                         825 Eighth Avenue
                                                                                         New York, NY 10019
                                                                                         Telephone: (212) 474-1000
                                                                                         mvaughn@cravath.com
                                                                                         kdubois@cravath.com


***Attorney for Plaintiffs***                                              ***Attorneys for Defendants***

IT IS SO ORDERED.

DATED: _____  _____
THE HON. PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK