**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Ricardo Cajero Torres, Mario Bautista, and Manuel Diaz
Cortes, each individually and on behalf of all other
employees similarly situated,

Plaintiffs,

- against -

Sushi Sushi Holdings Inc. d/b/a Sushi Sushi, Harlem Sushi
Inc. d/b/a Sushi Sushi, Igor Grinberg, and Angie Herrera,

Defendants.

Case No. 19-cv-02532

**DEFENDANTS'**
**REQUESTS TO CHARGE**

Pursuant to the Court's Individual Rules and Practices in Civil Cases and this Court's November 2, 2021 Order (ECF No. 134), Defendants Igor Grinberg and Angie Herrera respectfully submit the following proposed jury instructions in the above-captioned matter.

## PROPOSED JURY INSTRUCTION NO. 1:
### Role of the Court

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be—or ought to be— it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

**Authority**:  (adapted from) Instruction 71-2, *Modern Federal Jury Instructions—Civil* (Lexis Advance 2021 ed.).

**PROPOSED JURY INSTRUCTION NO. 2:**
**Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence.  What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.  Nor is what I may have said—or what I may say in these instructions—about a fact issue evidence.  In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence.  But you may not consider any answer that I directed you to disregard or that I directed struck from the record.  Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the Plaintiffs have proven their case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than

any of the other witnesses.  You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice to any party.

**Authority**:  (adapted from) Instruction 71-3, *Modern Federal Jury Instructions—Civil* (Lexis Advance 2021 ed.).

## PROPOSED JURY INSTRUCTION NO. 3:
### Burden of Proof—Preponderance of the Evidence

The Plaintiffs in this case have the burden of proving every essential element of their claims by a preponderance of the evidence.  If you conclude that Plaintiffs have failed to establish any essential element of their claims by a preponderance of the evidence, you must find for Defendants as to that claim.

What does a "preponderance of evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against Plaintiffs.  That is because Plaintiffs must prove more than simple equality of evidence—they must prove the element at issue by a preponderance of the evidence.

**Authority**:  (adapted from) Instruction 73-2, *Modern Federal Jury Instructions—Civil* (Lexis Advance 2021 ed.).

**PROPOSED JURY INSTRUCTION NO. 4:**
**What Is and Is Not Evidence**

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of the statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony or other evidence was received for a limited purpose—such as for the purpose of assessing a witness's credibility—you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness's recollection.

I previously cautioned you that you should not watch or listen to any media reports about this case. I note again that anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio,

6

internet, or television reports you have seen or heard.  Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

**<u>Authority</u>**:  (adapted from) Instruction 74-1, *Modern Federal Jury Instructions—Civil* (Lexis Advance 2021 ed.) (citing *U.S. v. Aluminum Co. of Am.*, 1 F.R.D. 62 (S.D.N.Y. 1939)).

**PROPOSED JURY INSTRUCTION NO. 5:**
**Credibility of Witnesses**

As members of the jury, you are the sole and exclusive judges of the facts.  In deciding facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

1.     The opportunity and ability of the witness to see or hear or know the things testified to;

2.     The witness's memory;

3.     The witness's manner while testifying;

4.     The witness's interest in the outcome of the case, if any;

5.     The witness's bias or prejudice, if any;

6.     Whether other evidence contradicted the witness's testimony;

7.     The reasonableness of the witness's testimony in light of all the evidence; and

8.     Any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Authority**:  (adapted from) Instruction 76-1, *Modern Federal Jury Instructions—Civil* (Lexis Advance 2021 ed.).

**PROPOSED JURY INSTRUCTION NO. 6:**
**Multiple Parties**

In reaching a verdict you must bear in mind that each Defendant is to be considered separately based solely on the evidence, or lack of evidence, presented against that Defendant without regard to the liability of the other Defendant.  Similarly, in reaching a verdict you must bear in mind that each Plaintiff's claims are to be considered separately solely on the evidence, or lack of evidence, presented in support of that Plaintiff's claims.

**PROPOSED JURY INSTRUCTION NO. 7:**
**Wage and Hour Claims:  Introduction**

Plaintiffs have alleged claims under the Fair Labor Standards Act, which I will refer to as the "FLSA", and the New York Labor Law.  The FLSA is the federal employment law and the New York Labor Law is the state employment law.  Both laws require that employees are paid a minimum wage for each hour worked.  Both laws also provide for the payment of time and a half overtime pay for hours worked in excess of forty (40) hours per week.  In other words, employers must compensate employees for a workweek longer than 40 hours at a rate not less than one and one-half times the employee's regular rate of pay.  Plaintiffs claim that the Defendants, Igor Grinberg and Angie Herrera, did not pay them the minimum wage and overtime pay required by the FLSA and New York Labor Law.

To ensure that employees are paid a minimum wage, the FLSA requires employers to reimburse employees for costs associated with purchasing and maintaining equipment necessary to perform their job (known as "tools of the trade"), *if* these costs would result in the employee being paid less than minimum wage.  Plaintiffs claim that the bicycles they used to make deliveries constitute tools of the trade, and that the costs they incurred in purchasing and maintaining these bicycles led them to receive less than the minimum wage. Plaintiffs therefore claim that Defendants are obligated to reimburse them for these costs.

Additionally, both the FLSA and the New York Labor Law prohibit employers from retaining tips paid to employees unless these tips are used for very specific purposes. Plaintiffs claim that Defendants unlawfully retained a portion of Plaintiffs' tips.

The New York Labor Law further provides for "spread of hours" payments. Under the New York Labor Law, employees are entitled one additional hour's pay if the time

11

between the beginning and end of an employee's workday (*i.e.*, the spread) exceeds ten (10) hours.  Plaintiffs also claim that Defendants failed to pay them spread of hours pay.

Finally, the New York Labor Law requires employers to provide employees with certain information about the amount they are entitled to be paid.  For example, employers are required to provide employees with a wage notice within ten (10) days of their first day of employment, identifying their rate of pay, any credits the employer will claim, and their weekly pay day.  Employers are also required to provide employees with a pay stub each week identifying, among other things, the employee's wages and number of hours worked.  Plaintiffs claim that Defendants failed to provide them with these documents.

**Authority**:  29 U.S.C. §§ 203(m); 206-07; 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 195(1), 195(3), 196-d, 652(1); 12 N.Y.C.R.R. §§ 142-2.2, 146-1.4, 146-1.6.

**PROPOSED JURY INSTRUCTION NO. 8:**
**FLSA:  Elements of Claims for Minimum Wage**

The Plaintiffs bring claims under the FLSA for unpaid minimum wage.  Under the FLSA, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.   The plaintiff was an employee of the defendant.

2.   The plaintiff was employed by an enterprise engaged in commerce or in the production of goods for commerce; and

3.   The defendant failed to pay the plaintiff the minimum wage as required by law.

**Authority**:  29 U.S.C. §§ 203, 206(a), 207(a); *Singh v. Meadow Hill Mobile Inc.*, 2021 WL 3862665, at *4 (S.D.N.Y. Aug. 29, 2021).

13

**PROPOSED JURY INSTRUCTION NO. 9:**
**NYLL:  Elements of Claims for Minimum Wage**

Plaintiffs also maintain claims for violation of the New York state minimum wage law.  This is similar to the claim of a minimum wage violation under federal law, but different in several important ways.  You may find that Defendants violated both, either, or neither of the federal and New York state minimum wage laws.

In order for Plaintiffs to establish their claims that Defendants failed to pay them the minimum wage in violation of the New York Labor Law, they must prove the following by a preponderance of the evidence:

1.     Defendants were Plaintiffs' employers during the six-year period before this action was brought; and

2.     Defendants failed to pay Plaintiffs the minimum wage as required by law.

For the New York state claim, Plaintiffs do not need to prove that they were employed in an enterprise engaged in commerce or in the production of goods for commerce.

**Authority**:  N.Y. Lab. Law §§ 198(3), 652(1).

**PROPOSED JURY INSTRUCTION NO. 10:**
**FLSA:  Enterprise Engaged in Commerce**

An enterprise is engaged in commerce if it (i) has employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

**Authority**:  29 U.S.C. § 203(s)(1)(A)(i)-(ii); *Padilla v. Manlapaz*, 643 F. Supp. 2d 298, 300 (E.D.N.Y. 2009); *Gao v. Jian Song Shi*, 2021 WL 1949275, at *5 (E.D.N.Y. Apr. 30, 2021).

**PROPOSED JURY INSTRUCTION NO. 11:**
**FLSA and NYLL:  Employer Status of Individual Defendants**

In order for each Defendant to be liable, they must have been Plaintiffs' "employer" within the meaning of the FLSA and New York Labor Law.  Plaintiffs bear the burden of proving by a preponderance of the evidence that each Defendant is their "employer".

The test for whether an individual is an "employer" under the FLSA and New York Labor Law is the same.  An individual is an "employer" under the FLSA and New York Labor Law if that individual exercised "operational control" over the employees (here, Plaintiffs).  A person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment.

The determination of whether an individual is an employer is independent from the question of whether the individual was an owner of the entity.  Evidence that an individual is an owner or officer of a company or otherwise makes corporate decisions unrelated to an employee's function is insufficient to demonstrate employer status.  Instead, individual liability depends on personal responsibility for making decisions about the conduct of the business that contributed to the alleged violations at issue.  In determining whether Defendants are "employers", you must consider their:

- Power to hire and fire each Plaintiff;

- Supervision and control of Plaintiffs' work schedules and conditions of employment;

- Determination of Plaintiffs' rates and method of pay; and

- Maintenance of employment records of Plaintiffs.

No one factor is controlling, but when balanced, Plaintiffs must have established that each individual Defendant had the requisite control over Plaintiffs' employment.

On the verdict sheet, you will be asked to determine whether Igor Grinberg and Angie Herrera were employers of Plaintiffs.  You must separately evaluate whether each of Igor Grinberg and Angie Herrera was an employer of Plaintiffs.  If you find that Plaintiffs have not met their burden to establish, by a preponderance of the evidence, that an individual Defendant was an "employer" under this definition, you must find that Defendant not liable for any violations of the FLSA or New York Labor Law.

**Authority**:  *Irizaary v. Catsimatidis*, 722 F.3d 99, 108-09 (2d Cir. 2013); *Inga v. Nesama Food Corp.*, 2021 WL 3624666, at *7 (S.D.N.Y. Jul. 30, 2021); *Ocampo v. 455 Hospitality LLC*, 2021 WL 4267388, at *6-8 (S.D.N.Y. Sept. 20, 2021); *Salinas v. Starjem Restaurant Corp.*, 123 F. Supp. 3d 442, 463 (S.D.N.Y. 2015).

**<u>PROPOSED JURY INSTRUCTION NO. 12</u>:**
**FLSA and NYLL:  Determination of Compensation for Hours Worked**

   The FLSA and the New York Labor Law require employers to pay employees a statutory minimum wage for the first forty (40) hours that employees work each week.  Based upon the evidence, you must determine whether Plaintiffs were paid for all of the hours actually spent working.  Should you find that Plaintiffs were not compensated for all hours worked, you must calculate the approximate number of hours worked by Plaintiffs which they were not compensated for and how much is owed.

**<u>Authority</u>**:  29 U.S.C. § 206(a)(1); N.Y. Lab. Law § 652; 12 N.Y.C.R.R. § 146.1-2.

**PROPOSED JURY INSTRUCTION NO. 13:**
**FLSA and NYLL:  Burden of Proof Regarding Hours Worked**

For each Plaintiff, you must determine the actual number of hours worked each week and how much they were paid, and use that information to determine whether Plaintiffs were paid the applicable minimum wage.  An employee bringing an action for unpaid wages has the burden of proving the number of hours he worked and that he was not properly compensated for the work performed.  When accurate and complete time records do not exist, Plaintiffs must set forth sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference, through estimates based on their own recollections and testimony.

If Plaintiffs are able to set forth sufficient evidence of their hours worked, the burden shifts to Defendants to come forward with evidence of the amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence.  If Defendants fail to produce sufficient evidence to that extent, you may then award damages to Plaintiffs, even though the result will only be approximate.

Ultimately, it is up to you to draw a reasonable conclusion as to the number of hours each Plaintiff worked per workday, how many days a week each Plaintiff worked, and how many hours per week each Plaintiff worked.

**Authority**:  *Ruffino v. N. Slope Borough*, 28 F.3d 108, *5 (9th Cir. 1994); *Salinas v. Starjem Restaurant Corp.*, 123 F. Supp. 3d 442, 472 (S.D.N.Y. 2015); *Kim v. Kum Gang*, 2015 WL 2222438, at *25 (S.D.N.Y. Mar. 19, 2015); *Wood v. Mid-Am. Mgmt. Corp.*, 2005 WL 1668503, at *6-7 (N.D. Ohio July 18, 2005), *aff'd*, 192 F. App'x 378 (6th Cir. 2006).

**<u>PROPOSED JURY INSTRUCTION NO. 14</u>:**
**FLSA:  Applicable Minimum Wage**

Under the FLSA, the employee must be paid at least the federal minimum wage in effect at the time of their employment, or the state minimum wage, if it is greater than the federal minimum wage.  During all relevant times, the applicable New York state minimum wage was higher than the federal minimum wage.

**<u>Authority</u>**:  29 U.S.C. § 218(a).

**PROPOSED JURY INSTRUCTION NO. 15:**
**NYLL:  Applicable Minimum Wage**

Under the New York Labor Law, the employee must be paid at least the applicable New York state minimum wage in effect at the time of their employment.  The applicable minimum wage under New York state law varied during the time period for which Plaintiffs seek allegedly unpaid wages, and depended on the geographic location and size of the business.  Plaintiffs' place of employment was in New York City, New York.  Therefore, the applicable minimum wage will depend on whether the entity that employed Plaintiffs was fairly considered a "small" or "big" employer.  A "small" employer is defined as an employer with ten (10) or fewer employees and a "big" employer is defined as an employer with eleven (11) or more employees.

For purposes of your deliberations, I will instruct you as to the applicable minimum wages under the New York Labor Law during the relevant time periods:

- For any work performed from January 1, 2016 through December 31, 2016, the minimum wage in New York City was $9.00 per hour for both small employers and big employers.

- For any work performed from January 1, 2017 through December 31, 2017, the minimum wage in New York City was $10.50 per hour for small employers and $11.00 per hour for big employers.

- For any work performed from January 1, 2018 through December 31, 2018, the minimum wage in New York City was $12.00 per hour for small employers and $13.00 per hour for big employers.

- For any work performed from January 1, 2019 through December 31, 2019, the minimum wage in New York City was $13.50 per hour for small employers and $15.00 for big employers.

**Authority**:  N.Y. Lab. Law § 652.

**PROPOSED JURY INSTRUCTION NO. 16:**
**FLSA and NYLL:  "Tip Credit" for Tipped Employees**

The Defendants claim that they were entitled to take a "tip credit" towards the minimum wage amounts.  Under the FLSA and New York Labor Law, an employer is allowed to pay certain "tipped employees" an hourly rate that is less than the prevailing minimum wage by crediting the tips received by the employee against part of the required hourly minimum wage. This is known as a "tip credit".

If you find that Defendants are entitled to a "tip credit" under the FLSA or the New York Labor Law, you must consider the tips received by Plaintiffs in determining whether they received minimum wage.  Therefore, in calculating Plaintiffs' hourly wage, you would divide Plaintiffs' total renumeration, including tips, by the total number of hours actually worked in that workweek.

**Authority**:  29 U.S.C. § 203(m)(2)(A); 29 C.F.R. § 531.59(b); 12 N.Y.C.R.R § 142-2.5; Instruction 85-18, *Modern Federal Jury Instructions—Civil* (Lexis Advance 2021 ed.).

**<u>PROPOSED JURY INSTRUCTION NO. 17</u>:**
**FLSA:  Definition of "Tipped Employee"**

The FLSA defines a "tipped employee" as "any employee engaged in an occupation in which he customarily and regularly received more than $30 a month in tips".

**<u>Authority</u>**:  29 U.S.C. § 203(t).

**<u>PROPOSED JURY INSTRUCTION NO. 18</u>:**
**NYLL:  Definition of "Tipped Employee"**

Under the New York Labor Law, a "tipped employee" includes a "food service worker" or "service employee".

**<u>Authority</u>**:  N.Y. Lab. Law § 651(9); 12 N.Y.C.R.R. § 146-3.3.

**PROPOSED JURY INSTRUCTION NO. 19:**
**FLSA:  Tip Credits Properly Taken**

Under the FLSA, Defendants are entitled to a "tip credit" towards the minimum

wage if they establish by a preponderance of the evidence that:

1.     The employer notified the employee, either orally or in writing, of their intention
       to take a tip credit; and

2.     The employer did not share in the employee's tips.

A verbal explanation or a prominently displayed poster could constitute sufficient notice if the

information contained therein is otherwise sufficient.

**Authority**:  29 U.S.C. § 203(m); 29 C.F.R. § 531.59; *Jimenez v. KLB Foods, Inc.*, 2014 WL
2738533, at *3 (S.D.N.Y. June 17, 2014); *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp.
2d 253, 287–90 (S.D.N.Y. 2011).

**<u>PROPOSED JURY INSTRUCTION NO. 20</u>:**
**NYLL:  Tip Credits Properly Taken**

Under the New York Labor Law, Defendants are entitled to a "tip credit" if they

establish by a preponderance of the evidence that:

1.  The employee receives sufficient tips to make up the difference between the
    tipped and full minimum wage and overtime hourly rates;

2.  The employer gave written notice to the employee stating the amount of tip credit
    to be taken from the basic minimum hourly rate and that extra pay is required if
    tips are insufficient to bring the employee up to the basis minimum hourly rate;

3.   The employer does not withhold any portion of the tips; and

4.  The employee is not required to share tips with non-tipped employees.

New York Labor Law provides for a maximum allowable tip credit.  In other

words, for tipped employees, even if Defendants are entitled to a tip credit, they are still required

to pay Plaintiffs a set minimum cash wage.  For purposes of your deliberations, I instruct you

that, during the relevant times, the minimum cash wage in New York City were as follows:

- For any work performed from January 1, 2016 through December 31, 2016, the
  minimum cash wage in New York City for food service workers was $7.50 per
  hour for both small and big employers, with a $1.50 per hour maximum allowable
  tip credit.

- For any work performed from January 1, 2017 through December 31, 2017, the
  minimum cash wage in New York City for food service workers was $7.50 per
  hour with a maximum allowable tip credit of $3.00 per hour for both small and
  big employers.

- For any work performed from January 1, 2018 through December 31, 2018, the
  minimum cash wage in New York City for food service workers was $8.00 per
  hour with a maximum allowable tip credit of $4.00 per hour for small employers
  and $8.70 per hour with a maximum allowable tip credit of $4.30 per hour for big
  employers.

- For any work performed from January 1, 2019 through December 31, 2019, the
  minimum cash wage in New York City for food service workers was $9.00 per
  hour with a maximum allowable tip credit of $4.50 per hour for small employers

26

and $10.00 per hour with a maximum allowable tip credit of $5.00 per hour for big employers.

**Authority**:  N.Y. Lab. Law § 652(4); 12 N.Y.C.R.R. § 146-2.2(a); *Salinas v. Starjem Rest. Corp.*, 123 F. Supp. 3d 442, 462, 465 (S.D.N.Y. 2015).

**<u>PROPOSED JURY INSTRUCTION NO. 21</u>:**
**FLSA:  Elements of Claims for Overtime Pay**

Plaintiffs have also brought claims to recover for unpaid overtime under the

FLSA and the New York Labor Law.  Under the FLSA, Plaintiffs have the burden of proving

each of the following elements by a preponderance of the evidence:

1.  Defendants were Plaintiffs' employer during the two-year period before they
    brought this action; and

2.  Plaintiffs were employed by an enterprise engaged in commerce or in the
    production of goods for commerce; and

3.  Defendants failed to pay Plaintiffs overtime as required by law.

**<u>Authority</u>**:  *Inga v. Nesama Food Corp.*, 2021 WL 3624666, at \*7 (S.D.N.Y. Jul. 30, 2021).

**PROPOSED JURY INSTRUCTION NO. 22:**
**NYLL:  Elements of Claims for Overtime Pay**

Under the New York Labor Law, Plaintiffs have the burden of proving by a preponderance of the evidence that:

1.      Defendants were Plaintiffs' employer during the six-year period before they brought this action; and

2.      Defendants failed to pay Plaintiffs overtime as required by law.

Again, under the New York Labor Law, Plaintiffs do not need to show a nexus with interstate commerce.

**Authority**:  *Inga v. Nesama Food Corp.*, 2021 WL 3624666, at *7 (S.D.N.Y. Jul. 30, 2021).

**PROPOSED JURY INSTRUCTION NO. 23:**
**FLSA and NYLL:  Overtime Required**

The FLSA and the New York Labor Law require an employer to pay an employee overtime compensation at a rate of one and one-half times the employee's regular rate of pay for hours worked in excess of forty (40) hours in a single work week.  For example, if an employee is paid at a rate of $10 per hour, his overtime rate would be $15 per hour, for any time worked in excess of forty (40) hours in a single workweek.

**Authority**:  29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 142-2.2.

**PROPOSED JURY INSTRUCTION NO. 24:**
**FLSA and NYLL:  "Regular Rate of Pay" for Overtime Compensation**

If an employee receives an hourly rate of pay, this hourly rate is his regular rate. However, when overtime is worked by a tipped employee, the employee's regular rate of pay is determined by dividing the employee's total renumeration for employment in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid.  Any tips received by the employee in excess of the tip credit need not be included in the regular rate.

**Authority**:  29 C.F.R. § 531.60.

31

**PROPOSED JURY INSTRUCTION NO. 25:**
**NYLL:  Elements of Claim for Spread of Hours Pay**

Plaintiffs also maintain claims for violation of the "spread of hours" provision of the New York Labor Law.  The New York Labor Law requires employers to pay employees whose daily "spread of hours" is more than ten (10) hours one additional hour at the full New York minimum wage rate.  Spread of hours is defined as the interval between the beginning and end of an employee's workday and includes working time, time off for meals, and intervals off duty.  For example, if an employee began work at 9:00 a.m., took a one-hour lunch break from 12:00 noon to 1:00 p.m., then finished work at 8:00 p.m., the employee's spread of hours would be eleven (11) hours.

Therefore, in order for Plaintiffs to establish a spread of hours pay claim under the New York Labor Law, they must prove the following by a preponderance of the evidence:

1. Defendants were Plaintiffs' employers during the six-year period before they brought this action;

2. During this six-year period, Plaintiffs had one or more workdays in which their spread of hours exceeded ten (10) hours; and

3. Defendants failed to pay Plaintiffs an additional hour at the full New York minimum wage rate on one or more of these days.

If you find that Plaintiffs have proven all three elements by a preponderance of the evidence, you must find in their favor and against the Defendants on their spread of hours pay claim.  You will be asked to find the number of days that each Plaintiff was not paid the required spread of hours pay.  On the other hand, if you find that Plaintiffs have failed to prove one or more of these elements by a preponderance of the evidence, you must find against Plaintiffs on their spread of hours pay claim and in favor of Defendants.

**Authority**:  12 N.Y.C.R.R. § 142-2.18; *Campos v. BKUK 3 Corp.*, 2021 WL 3540243, at \*8 (S.D.N.Y. Aug. 10, 2021); *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 45-46 (E.D.N.Y. 2015).

**PROPOSED JURY INSTRUCTION NO. 26:**
**FLSA:  Minimum Wage and Overtime Pay Damages**

If you find in favor of Plaintiffs under Instruction Nos. [8 & 21], you must award Plaintiffs damages in the amount that Plaintiffs should have been paid minus what Defendants actually paid Plaintiffs.

The minimum wage that should have been paid is the number of hours worked in each work week up to forty (40) hours, times the required minimum wage applicable to that work week.  You must calculate these amounts separately for each work week.

The overtime pay amount that should have been paid is the number of hours worked in excess of forty (40) hours in each workweek.  If Plaintiffs were paid an hourly rate, the overtime pay owed is one and one-half (1.5) times the greater of the employee's regular rate of pay, the federal minimum wage, or the New York minimum wage for all hours worked in excess of a forty (40) in a work week.  If a tip credit was properly taken, overtime pay is one and one-half (1.5) times the greater of the regular rate, the federal minimum wage, or the New York minimum wage, minus the allowed tip credit, times the number of hours worked in excess of forty (40) hours in each workweek.  You must calculate the overtime amounts owed separately for each workweek.

**Authority**:  29 U.S.C. §§ 206, 207, 216; 29 C.F.R. §§ 778.113(a), (b); *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 291–92 (S.D.N.Y. 2011).

**PROPOSED JURY INSTRUCTION NO. 27:**
**NYLL:  Minimum Wage, Overtime Pay and Spread of Hours Pay Damages**

If you find in favor of Plaintiffs under Instruction Nos. [9, 22 & 25], you must award Plaintiffs damages in the amount that Plaintiffs should have been paid minus what Defendants actually paid Plaintiffs.

The minimum wage that should have been paid is the number of hours worked in each work week up to forty (40) hours, times the required minimum wage applicable to that work week.  You must calculate these amounts separately for each work week.

The overtime pay amount that should have been paid is the number of hours worked in excess of forty (40) hours in each workweek.  If Plaintiffs were paid an hourly rate, the overtime pay owed is one and one-half (1.5) times the greater of the employee's regular rate of pay or the New York minimum wage for all hours worked in excess of forty (40) in a work week.  If a tip credit was properly taken, overtime pay is one and one-half (1.5) times the greater of the regular rate or the New York minimum wage, minus the allowed tip credit, times the number of hours worked in excess of forty (40) hours in each workweek.  You must calculate the overtime amounts owed separately for each workweek.

The spread of hours pay that should have been paid is one hour at the full New York minimum wage for each workday in which the interval between the beginning and end of work, including hours worked, meal periods, and off-duty intervals, exceeded ten (10) hours. You must calculate these amounts separately for each work day.

**Authority**:  N.Y. Lab. Law §§ 198, 652(1); 12 N.Y.C.R.R. §§ 142-2.2, 146-1.4, 146-1.6; *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 291–92 (S.D.N.Y. 2011); *see also Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 88-89 & n.5 (2d Cir. 2003); *see generally* 29 C.F.R. §§ 778.113(a), (b).

## PROPOSED JURY INSTRUCTION NO. 28:
### FLSA and NYLL:  No Double Recovery for Violations

A Plaintiff is not entitled to "double recovery" under the FLSA and NYLL.

Therefore, if a Plaintiff is entitled to minimum wage damages under the FLSA, he may not

recover, in addition to this amount, minimum wage damages under the NYLL for the same

period of time.  Likewise, if a Plaintiff is entitled to overtime pay damages under the FLSA, he

may not recover, in addition to this amount, overtime pay damages under the NYLL for the same

period of time.  If a Plaintiff is entitled to minimum wage or overtime pay damages under both

the FLSA and NYLL for a given period of time, he may only recover the higher of the two for

this period.

**Authority**:  *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 49 & n.15 (E.D.N.Y. 2015); *Pinzon v. Paul Lent Mech. Sys., Inc.*, 2012 WL 4174725, at *3 (E.D.N.Y. Aug. 21, 2012), *report and recommendation adopted*, 2012 WL 4174410 (E.D.N.Y. Sept. 19, 2012).

**PROPOSED JURY INSTRUCTION NO. 29:**
**FLSA:  Elements for Claims for Bicycles as Tools of the Trade**

Plaintiffs also maintain claims for violation of the provision of the FLSA that prohibits employers from requiring employees to purchase or maintain "tools of the trade" when the cost of doing so reduces the employee's compensation below the required federal minimum wage in any workweek.  "Tools of the trade" means items the employer requires the employee to have for use in or which are specifically required for the performance of the employer's particular work.  An employer must direct an employee to purchase the item in order for it to be considered a tool of the trade.

Therefore, to establish a violation of the FLSA based on purchasing and/or maintenance of a bicycle, the Plaintiff must establish the following by a preponderance of the evidence:

1.      Defendants required that Plaintiffs possess and utilize the bicycle to carry out their duties as employees of Defendants;

2.      Plaintiffs incurred out-of-pocket expenses for purchasing, maintaining, or replacing the bicycle;

3.      Those costs, when deducted from Plaintiffs' wages, reduced their wages below the required minimum; and

4.      Plaintiff incurred these expenses during the two-year period before they brought their claims or, if you find Defendants willfully violated the FLSA with respect to Plaintiffs, the three-year period before they brought their claims.

Plaintiffs bears the burden of describing the expenditures related to the bicycle with sufficient detail to evaluate the reasonableness of the amounts purportedly spent.  The employee is only entitled to recover the reasonable value of the purchase and/or maintenance.

**Authority**:  29 C.F.R. § 531.35; *Silva v. Legend Upper W. LLC*, 2021 WL 4197360, at *8 (S.D.N.Y. Sept. 14, 2021); *Alarcon Adame v. EVIR Corp.*, 2019 WL 3287086, at *3 (S.D.N.Y. July 22, 2019); *Ming Hui v. Shorty's Seafood Corp.*, 2017 WL 5054401, at *9-10 (E.D.N.Y. Sept. 6, 2017), *report and recommendation adopted*, 2017 WL 5125527 (E.D.N.Y. Nov. 2, 2017).

**PROPOSED JURY INSTRUCTION NO. 30:**
**FLSA and NYLL:  Elements for Claims of Unlawful Retention of Tips and Gratuities**

Plaintiffs claim that Defendants unlawfully retained gratuities paid to and intended for Plaintiffs.  The FLSA and the New York Labor Law both prohibit an employer from using an employee's tips, whether or not it has been taken as a tip credit, for any reason other than as a credit against its minimum wage obligations to the employee, or in furtherance of a valid tip tool.

To sustain their burden of proof on FLSA and NYLL claims relating to tip retention, Plaintiffs bear the burden of establishing:

1.    Plaintiffs received tips; and

2.    Defendants used Plaintiffs' tips for a reason other than to cover a credit against their minimum wage obligations to the employee, or in furtherance of a valid tip pool.

If you find by a preponderance of the credible evidence that Plaintiffs were deprived of gratuities by Defendants, you should find for Plaintiffs, and determine the amount of gratuities that Defendants retained from Plaintiffs.

**Authority**:  29 C.F.R. § 10.28; N.Y. Lab. Law § 196-d; *In re Domino's Pizza Inc.*, 2018 WL 1587593, at *3–6 (S.D.N.Y. Mar. 27, 2018); *Azeez v. Ramaiah*, 2015 WL 1637871, at *6–7 (S.D.N.Y. Apr. 9, 2015).

**PROPOSED JURY INSTRUCTION NO. 31:**
**NYLL:  Wage Notice Requirements**

Plaintiffs allege that Defendants violated a provision of the New York Labor Law that requires employers to provide their employees with a "wage notice".  Under the New York Labor Law, employers are required to prove their employees with a written wage notice within ten (10) business days of their first day of employment and before February 1 in each subsequent calendar year.  That notification must be provided in English and in the language identified by the employee as their primary language and must contain the following information:

1. The rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

2. Allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;

3. The regular pay day designated by the employer;

4. The name of the employer;

5. Any "doing business as" names used by the employer;

6. The physical address of the employer's main office or principal place of business, and a mailing address if different; and

7. The telephone number of the employer.

The employer has the burden of proving compliance with the notification requirements.

**Authority**:  N.Y. Lab. Law § 195(1)(a); *Reyes v. Café Cousina Rest. Inc.*, 2019 WL 5722475, at *5 (S.D.N.Y. Aug. 27, 2019).

## PROPOSED JURY INSTRUCTION NO. 32:
### NYLL:  Affirmative Defenses to Wage Notice Requirement

It is an affirmative defense to any action brought for violation of the wage notice requirement of the New York Labor Law that:  (i) the employer made complete and timely payment of all wages due or (ii) the employer reasonably believed in good faith that it was not required to provide the employee with notice.  Therefore, even if you find that Defendants did not provide a compliant wage notice pursuant to Instruction No. [31], you must find that Defendants are not liable for violation of the wage notice requirement if they establish, by a preponderance of the evidence, that they timely paid Plaintiffs all wages due or that they did not provide such notice in good faith.

**Authority**:  N.Y. Lab. Law § 198(l-b); *Mestizo v. H2 Candy & Nuts, Inc.*, 2021 WL 230125, at *9 (S.D.N.Y. Jan. 22, 2021); *Quintero v. Anjudiromi Constr. Corp.*, 2018 WL 1027716, at *6-7 (S.D.N.Y. Feb. 21, 2018).

**PROPOSED JURY INSTRUCTION NO. 33:**
**NYLL:  Wage Statement Requirement**

Plaintiffs also allege that Defendants violated a provision of the New York Labor Law that requires employers to provide employees with a wage statement with each payment of wages, which must list the following:

1.   The dates of work covered by that payment of wages;

2.   The name of employee and employer;

3.   Address and phone number of employer;

4.   Rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

5.   Gross wages;

6.   Deductions, if any;

7.   Allowances, if any, claimed as part of the minimum wage;

8.   Net wages;

9.   The regular hourly rate or rates of pay and overtime rate or rates of pay; and

10.   The number of regular hours worked, and the number of overtime hours worked.

Plaintiffs must prove by a preponderance of the evidence that Defendants did not provide compliant wage statements to each Plaintiff.

**Authority**:  N.Y. Lab. Law § 195(3); *Ametepe v. Peak Time Parking, Corp.*, 2021 WL 1172669, at *6 (S.D.N.Y. Mar. 29, 2021).

**PROPOSED JURY INSTRUCTION NO. 34:**
**NYLL:  Affirmative Defenses to Wage Statement Requirement**

It is an affirmative defense to any action brought for violation of the wage statement requirement of the New York Labor Law that:  (i) the employer made complete and timely payment of all wages due or (ii) the employer reasonably believed in good faith that it was not required to provide the employee with statements.  Therefore, even if you find that Defendants did not provide compliant wage statements pursuant to Instruction [33], you must find that Defendants are not liable for violation of the wage statement requirement if they establish, by a preponderance of the evidence, that they timely paid Plaintiffs all wages due or that they did not provide such statements in good faith.

**Authority**:  N.Y. Lab. Law § 198(l-d); *Tortorici v. Bus-Tev, LLC*, 2021 WL 4177209, at *14-15 n.7 (S.D.N.Y. Sept. 14, 2021); *Cabrera v. Schafer*, 222 F. Supp. 3d 250, 254–55 (E.D.N.Y. 2016).

### PROPOSED JURY INSTRUCTION NO. 35:
**FLSA:  Statute of Limitations**

Plaintiffs may only claim damages for violations of the FLSA that accrued within the applicable statute of limitations period.  Under the FLSA, causes of action must be commenced within two (2) years after the cause of action accrues; unless you find that the violation was willful, in which case the claim must be brought within three (3) years after the cause of action accrues.

Plaintiffs bear the burden of establishing that a violation was "willful".  You must find by a preponderance of the evidence that Defendants either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.  In other words, if you find that Defendants were aware of a substantial and unjustifiable risk that it was violating the FLSA and consciously disregarded that risk, it acted knowingly or in reckless violation disregard of the law.

**Authority**:  29 U.S.C. § 255(a); *Ramos v. DNC Food Serv. Corp.*, 2020 WL 2832776, at *4 (S.D.N.Y. June 1, 2020).

**<u>PROPOSED JURY INSTRUCTION NO. 36</u>:**
**NYLL:  Statute of Limitations**

Likewise, Plaintiffs may only claim damages for violations of the New York

Labor Law that accrued within the applicable statute of limitations period.  Under the New York

Labor Law, such causes of action must be brought within six (6) years of when the cause of

action accrues.

**<u>Authority</u>**:  N.Y. Lab. Law § 663(3).

**<u>PROPOSED JURY INSTRUCTION NO. 37</u>:**
**FLSA and NYLL:  Accrual Date for Wage Claims**

   For the purposes of determining whether a claim falls within the applicable statute of limitations under the FLSA and the New York Labor Law, a cause of action for unpaid wages or spread of hours pay accrues at each regular payday immediately following the work period during which services were rendered.

**<u>Authority</u>**:  *Moon v. Kwon*, 248 F. Supp. 2d 201, 231 (S.D.N.Y. 2002).

**PROPOSED JURY INSTRUCTION NO. 38:**
**Right to See Exhibits and Hear Testimony; Communications with Court**

You are about to go into the jury room and begin your deliberations.  If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room.  If you want any of the testimony read back to you, you may also request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony—in fact any communication with the Court—should be made to me in writing, signed by your foreperson, and given to one of the marshals.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

**Authority**:  (adapted from) Instruction 78-1, *Modern Federal Jury Instructions—Civil* (Lexis Advance 2021 ed.).

## **PROPOSED JURY INSTRUCTION NO. 39:**
### **Selection of Foreperson**

When you retire, you should elect one member of the jury as your foreperson.

That person will preside over the deliberations and speak for you here in open court.

**Authority**:  Instruction 78-5, *Modern Federal Jury Instructions—Civil* (Lexis Advance 2021 ed.).

## PROPOSED JURY INSTRUCTION NO. 40:
### Duty to Deliberate/Unanimous Verdict

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Authority**:  (adapted from) Instruction 78-3, *Modern Federal Jury Instructions—Civil* (Lexis Advance 2021 ed.).

Dated:  November 17, 2021                    Respectfully submitted,

                                             */s/ Madalyn G. Vaughn*
                                             Madalyn G. Vaughn
                                             Katie DuBois
                                             CRAVATH, SWAINE & MOORE LLP
                                             Worldwide Plaza
                                             825 Eighth Avenue
                                             New York, NY 10019
                                             Telephone: (212) 474-1000
                                             mvaughn@cravath.com
                                             kdubois@cravath.com

                                             ***Attorneys for Defendants***