UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Ricardo Cajero Torres, Mario Bautista, and Manuel Diaz Cortes each individually and on behalf all other employees similarly situated,

                            Plaintiffs,

                   - against -

Sushi Sushi Holdings Inc. d/b/a Sushi Sushi, Harlem Sushi Inc. d/b/a Sushi Sushi, Igor Grinberg, and Angie Herrera,

                            Defendants.

Case No. 19-cv-02532

***PLAINTIFF'S PROPOSED VERDICT SHEET***

---

[PROPOSED]

     **All jurors must agree on the answers to all of the questions. Jurors must answer the questions in the order they are presented. Terms defined in the Jury Instructions appear in quotation marks.**

ISSUE I: EMPLOYMENT RELATIONSHIP

    1. Was Igor Grinberg an employer of Plaintiff Richardo Cajero Torres?

    Yes: _____    No: _____

    2. Was Igor Grinberg an employer of Plaintiff Mario Bautista?

    Yes: _____    No: _____

    3. Was Angie Herrera an employer of Plaintiff Richardo Cajero Torres?

    Yes: _____    No: _____

    4. Was Angie Herrera an employer of Plaintiff Mario Bautista?

    Yes: _____    No: _____

ISSUE II: MINIMUM WAGE AND SPREAD OF HOURS

    5. From January 1, 2017 to January 27, 2019 was Defendant Sushi Sushi Holdings Inc. a "large employer" with eleven or more employees at one time?

    Yes: _____    No: _____

6. From January 1, 2017 to January 27, 2019 was Defendant Harlem Sushi Inc. a "large employer" with eleven or more employees at one time?

   Yes: _____          No: _____

7. From December 1, 2017 to January 27, 2019, on average, how many compensable <u>hours</u> did Plaintiff Mario Bautista work <u>per day</u>? If the average number of hours worked per day changed, please note when that figure changed and what it changed to:

   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____

8. From December 1, 2017 to January 27, 2019, on average, how many <u>days</u> did Plaintiff Mario Bautista work <u>per week</u>? If the average number of days work per week changed, please note when that figure changed and what it changed to:

   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____

9. From December 1, 2017 to January 27, 2019, on average, how many compensable <u>hours</u> did Plaintiff Mario Bautista work <u>per week</u>? If the average number of work hours per week changed, please note when that figure changed and what it changed to:

10. From January 1, 2016 to January 27, 2019, on average, how many compensable <u>hours</u> did Plaintiff Ricardo Cajero Torres work <u>per day</u>? If the average number of hours worked per day changed, please note when that figure changed and what it changed to:

_____
_____

11. From January 1, 2016 to January 27, 2019, on average, how many <u>days</u> did Plaintiff Ricardo Cajero Torres work <u>per week</u>? If the average number of days work per week changed, please note when that figure changed and what it changed to:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

12. From January 1, 2016 to January 27, 2019, on average, how many compensable <u>hours</u> did Plaintiff Ricardo Cajero Torres work <u>per week</u>? If the average number of work hours per week changed, please note when that figure changed and what it changed to:

_____
_____
_____
_____
_____
_____
_____

13. What is Plaintiff Ricardo Cajero Torres hourly rate, if the rate changed, please note when that figure changed and what it changed to:

14. What is Plaintiff Mario Bautista hourly rate, if the rate changed, please note when that figure changed and what it changed to:

15. What is Plaintiff Manuel Diaz Cortez hourly rate, if the rate changed, please note when that figure changed and what it changed to:

_____

_____

16. During the period of January 1, 2016 to January 27, 2019, did Plaintiff, Ricardo Cajero Torres's, spread of hours exceed 10 hours on any given day at any time during his employment with Defendants?

    Yes: _____     No: _____

17. During the period of December 1, 2017 to January 20, 2018, did Plaintiff, Mario Bautista's, spread of hours exceed 10 hours on any given day at any time during his employment with Defendants?

    Yes: _____     No: _____

*If you answer "No" to both Question 16 and Question 17, skip questions 18 to 21.*

18. During the period of January 1, 2016 to January 27, 2019, indicate the number of days you find that the spread of hours exceeded 10 hours for Plaintiff, Ricardo Cajero Torres during his employment with Defendants?

    _____ days per week from _____ to _____

    _____ days per week from _____ to _____

    _____ days per week from _____ to _____

    _____ days per week from _____ to _____

    _____ days per week from _____ to _____

    _____ days per week from _____ to _____

19. During the period of January 1. 2016 to January 27, 2019, was Plaintiff, Ricardo Cajero Torres properly compensated for his spread of hours by Defendants?

    Yes: _____     No: _____

20. During the period of December 1, 2017 to January 20, 2019, indicate the number of days you find that the spread of hours exceeded 10 hours for Plaintiff, Mario Bautista during his employment with Defendants?

    _____ days per week from _____ to _____

    _____ days per week from _____ to _____

_____ days per week from _____ to _____

_____ days per week from _____ to _____

_____ days per week from _____ to _____

_____ days per week from _____ to _____

21. During the period of December 1, 2017 to January 20, 2019, was Plaintiff, Mario Bautista properly compensated for his spread of hours by Defendants?

    Yes: _____   No: _____

22. Was Plaintiff Ricardo Cajero Torres paid at least minimum wage?

    Yes: _____   No: _____

23. Was Plaintiff Mario Bautista paid at least minimum wage?

    Yes: _____   No: _____

ISSUE III: OVERTIME WAGE

24. During the period of January 1, 2016 to January 27, 2019, during Plaintiff's employment with Defendants, did Plaintiff Ricardo Cajero Torres ever work overtime hours?

    Yes: _____   No: _____

25. During the period of December 1, 2017 to January 20, 2019, during Plaintiff's employment with Defendants, did Plaintiff Mario bautista ever work overtime hours?

    Yes: _____   No: _____

26. On average, during the period of January 1, 2016 to January 27, 2019, how many <u>overtime hours</u> did Plaintiff Ricardo Cajero Torres work for Defendants <u>per week</u>? If the average number of overtime hours worked per week changed, please note when that figure changed and what it changed to:

    _____
    _____

    _____
    _____

_____
_____
_____
_____
_____
_____

27. During the period of January 1, 2016 to January 27, 2019, was Plaintiff Ricardo Cajero Torres properly compensated for his overtime hours by Defendants?

    Yes: _____    No: _____

28. On average, during the period of December 1, 2017 to January 20, 2019, how many <u>overtime hours</u> did Plaintiff Mario Bautista work for Defendants <u>per week</u>? If the average number of overtime hours worked per week changed, please note when that figure changed and what it changed to:

_____
_____
_____
_____
_____
_____
_____

29. During the period of December 1, 2017 to January 20, 2019, was Plaintiff Mario Bautista properly compensated for his overtime hours by Defendants?

    Yes: _____    No: _____

<u>ISSUE IV: WAGE NOTICE</u>

30. Did Defendants furnish Ricardo Cajero Torres with a wage notice containing all the information required by the New York Labor Law, in English and his primary

language, at his time of hire?

Yes: _____     No: _____

31. Did Defendants furnish Ricardo Cajero Torres with a wage notice containing all the information required by the New York Labor Law, in English and his primary language, at each time when his rate of pay changes?

Yes: _____     No: _____

*If you answered "Yes" in response to both Question 30 and Question 31, skip to Question 44. If you answered "No" in response to either Question 30 or Question 31, proceed to Question 32.*

32. Did Defendants furnish Ricardo Cajero Torres with a wage notice containing all the information required by the New York Labor Law, in English and his primary language, at any point during his employment?

Yes: _____     No: _____

*If you answered "Yes" in response to Question 32, proceed to Question 33. If you answered "No" in response to Question 32, skip to Question 44.*

33. State when Defendants first provided Ricardo Cajero Torres with a wage notice containing all the information required by the New York Labor Law, in English and his primary language.

_____
_____
_____
_____
_____
_____
_____
_____

34. Did Defendants furnish Mario Bautista with a wage notice containing all the information required by the New York Labor Law, in English and his primary language, at his time of hire?

    Yes: _____    No: _____

35. Did Defendants furnish Mario Bautista with a wage notice containing all the information required by the New York Labor Law, in English and his primary language, at each time when his rate of pay changes?

    Yes: _____    No: _____

    *If you answered "Yes" in response to both Question 34 and Question 35, skip to Question 38. If you answered "No" in response to either Question 34 or Question 35, proceed to Question 36.*

36. Did Defendants furnish Mario Bautista with a wage notice containing all the information required by the New York Labor Law, in English and his primary language, at any point during his employment?

    Yes: _____    No: _____

    *If you answered "Yes" in response to Question 36, proceed to Question 37. If you answered "No" in response to Question 36, skip to Question 38.*

37. State when Defendants first provided Mario Bautista with a wage notice containing all the information required by the New York Labor Law, in English and his primary language.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____

38. Were Defendants entitled to the affirmative defense for failure to provide wage notice because either they (1) made a "complete and timely payment of all wages due" to the employee, or (2) reasonably believed in good faith that it was not required to provide plaintiff the notice?

    Yes: _____    No: _____

ISSUE VII: PAY STUBS

39. Was Plaintiff Ricardo Cajero Torres provided with a full and accurate pay stub each payday during the term of his employment with Defendants?

    Yes: _____    No: _____

40. If you answered "No" to the preceding question, for how many weeks did Defendants fail to provide plaintiff Ricardo Cajero Torres with full and accurate Pay Stubs?

    _____ Weeks

41. Did one or more of the Defendants make complete and timely payment of all wages due to Plaintiff Ricardo Cajero Torres?

    Yes: _____    No: _____

42. Was Plaintiff Mario Bautista provided with a full and accurate pay stub each payday during the term of his employment with Defendants?

    Yes: _____    No: _____

43. If you answered "No" to the preceding question, for how many weeks did Defendants fail to provide plaintiff Mario Bautista with full and accurate Pay Stubs?

    _____ Weeks

44. Did one or more of the Defendants make complete and timely payment of all wages due to Plaintiff Mario Bautista?

    Yes: _____    No: _____

45. Was Plaintiff Manuel Diaz Cortez provided with a full and accurate pay stub each payday during the term of his employment with Defendants?

    Yes: _____    No: _____

46. If you answered "No" to the preceding question, for how many weeks did Defendants fail to provide plaintiff Manuel Diaz Cortez with full and accurate Pay Stubs?

    _____ Weeks

47. Did one or more of the Defendants make complete and timely payment of all wages due to Plaintiff Manuel Diaz Cortez?

    Yes: _____    No: _____

ISSUE VII: GOOD FAITH

48. To the extent the Defendant Igor Grinberg failed to compensate Plaintiffs the applicable wage, did he nonetheless act in good faith?

    Yes: _____    No: _____

49. To the extent the Defendant Angie Herrera failed to compensate Plaintiffs the applicable wage, did he nonetheless act in good faith?

    Yes: _____    No: _____

*You are finished. The foreperson should ensure that the requisite number of jurors agrees with the answer to each question. If so, the foreperson should date and sign below.*

Dated: _____

_____
Foreperson