**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICARDO CAJERO TORRES and MARIO BAUTISTA,<br><br>                                      Plaintiffs,<br><br>              - against -<br><br>IGOR GRINBERG and ANGIE HERRERA,<br><br>                                      Defendants. | 19 Civ. 2532 (PAE)<br><br>**VERDICT FORM AS TO**<br>**RICARDO CAJERO TORRES** |

Hon. Paul A. Engelmayer, United States District Judge:

**ISSUE I:  DURATION OF EMPLOYMENT**

1.    On which dates was plaintiff employed by Sushi Sushi?

       FROM _6/8/16_    TO _1/27/19_

**ISSUE II: EMPLOYER STATUS**

2.    Was defendant Igor Grinberg an employer of plaintiff?

       YES _✓_      NO _____

3.    Was defendant Angie Herrera an employer of plaintiff?

       YES _____      NO _✓_

## ISSUE III:  MINIMUM WAGES

4.  Did Sushi Sushi qualify to take a tip credit with respect to plaintiff?

> In 2016:   YES ____✓____        NO _____

> In 2017:   YES ____✓____        NO _____

> In 2018:   YES ____✓____        NO _____

> In 2019:   YES ____✓____        NO _____

5.  What was plaintiff's regular hourly rate of pay at Sushi Sushi?

> In 2016:   $7.50

> In 2017:   $7.50

> In 2018:   $8.00

> In 2019:   $9.00

6.  Was plaintiff paid a regularly hourly rate by Sushi Sushi that was below the minimum wage?

> In 2016:   YES _____        NO ____✓____

> In 2017:   YES _____        NO ____✓____

> In 2018:   YES _____        NO ____✓____

> In 2019:   YES _____        NO ____✓____

## ISSUE IV:  OVERTIME WAGES

7.  During the term of plaintiff's employment with Sushi Sushi, did plaintiff ever work overtime hours?

    YES _____✓_____          NO _____

8.  Was there at least one week in which plaintiff worked overtime hours and was not properly compensated for his overtime hours?

    In 2016:   YES _____✓_____          NO _____

    In 2017:   YES _____✓_____          NO _____

    In 2018:   YES _____✓_____          NO _____

    In 2019:   YES _____✓_____          NO _____

## ISSUE V:  SPREAD OF HOURS

9.  Did plaintiff's "spread of hours" exceed 10 hours on any given day at any time during his employment at Sushi Sushi?

    YES _____✓_____          NO _____

10. Was plaintiff properly compensated for his "spread of hours" by Sushi Sushi?

    In 2016:   YES _____          NO _____✓_____

    In 2017:   YES _____          NO _____✓_____

    In 2018:   YES _____          NO _____✓_____

    In 2019:   YES _____          NO _____✓_____

## CALCULATIONS FOR ISSUES III, IV, AND V

11. Please fill in the chart according to the instructions.

12. You must fill in the sections (1), (2) and (3) for any year in which you answered "Yes" to *either* Question 6 *or* Question 8.

   - In the section marked "(1)", please indicate the number of compensable regular hours that you find the plaintiff worked for that year.

   - In the section marked "(2)", please indicate the number of compensable overtime hours that you find plaintiff worked for that year.

   - In the section marked "(3)", please indicate the total amount of money plaintiff received for that year, not including tips.

You must fill in section (4) for any year in which you answered "No" to Question 10.

   - In that section, please indicate the number of days, if any, that you find plaintiff worked more than 10 hours without receiving payment for an extra hour for spread of hours pay during the year listed.

| Year | (1) Number of regular hours worked by plaintiff | (2) Number of overtime hours worked by plaintiff | (3) Total wages (not including tips) that plaintiff was paid in this year | (4) Number of days in which plaintiff worked more than 10 hours without receiving spread of hours pay |
|------|------|------|------|------|
| 2016 | 1156 | 293 | $ 11,975.26 | 82 |
| 2017 | 2034 | 292.5 | $ 18,545.71 | 74 |
| 2018 | 1788 | 226 | $ 16,986.64 | 62 |
| 2019 | 143 | 2 | $ 1,314.00 | 2 |

## ISSUE VI:  TIME-OF-HIRE WAGE NOTICE

13. Was plaintiff provided with an adequate wage notice within 10 days of the date he was hired by Sushi Sushi?

     YES ___✓___          NO _____

14. If you answered "No" to the preceding question, was he ever provided with an adequate wage notice?

     YES _____          NO _____

15. If you answered "Yes" to the preceding question, on what date or date(s) was he provided with an adequate wage notice?

     _____


## ISSUE VII:  WAGE STATEMENTS

16. Was plaintiff provided with a full and accurate wage statement each payday during the term of his employment at Sushi Sushi?

     YES ___✓___          NO _____

17. If you answered "No" to the preceding question, for how many weeks did Sushi Sushi fail to provide plaintiff with full and accurate wage statements?

     _____ weeks.

## ISSUE VIII:  TOOLS OF THE TRADE

18. Has plaintiff proven that he is entitled to reimbursement for the purchase of any electric bicycle?

    YES _____        NO __✓____

19. If you answered "Yes" to Question 18, how much of his own money did he spend on the purchase that was not reimbursed?

    AMOUNT:  $ _____

20. Has plaintiff proven that he is entitled to reimbursement for maintenance of any electric bicycle?

    YES _____        NO __✓____

21. If you answered "Yes" to Question 20, how much of his own money did he spend on maintenance <u>per month</u> on average that was not reimbursed?

    AMOUNT:  $ _____

22. If you answered "Yes" to Question 18 or 20, did the defendant willfully violate the FLSA in failing to reimburse the plaintiff?

    Igor Grinberg          YES _____        NO _____

    Angie Herrera          YES _____        NO _____

## ISSUE IX.  GOOD FAITH

23.  To the extent Sushi Sushi failed to compensate plaintiff the applicable minimum wage, did the defendants nonetheless act in good faith?

YES _____          NO _____

24.  To the extent that Sushi Sushi failed to compensate plaintiff adequate overtime wages, did the defendants nonetheless act in good faith?

YES ___✓_____          NO _____

25. To the extent that Sushi Sushi failed to compensate plaintiff for his spread of hours, did the defendants nonetheless act in good faith?

YES ___✓_____          NO _____

26. To the extent that Sushi Sushi failed to provide plaintiff with an adequate wage notification, did the defendants nonetheless act in good faith?

YES _____          NO _____

27. To the extent that Sushi Sushi failed to provide plaintiff with adequate wage statements, did the defendants nonetheless act in good faith?

YES _____          NO _____

## **VERDICT CERTIFICATION**

**PRINTED NAME**                 **SIGNATURE**

John P. Klett

Matthew Coleman

Daniel Nathan

Theresa Criscione

Ryan M Kernan

Frank Torres

Elliot Rosa

Joshua Brazed

Dated:                20 MAY 2022

BY PRINTING AND SIGNING YOUR NAME ABOVE, EACH JUROR IS INDICATING
THAT HE OR SHE AGREES WITH EACH AND EVERY ANSWER REPORTED ON THIS
VERDICT FORM.  AFTER EACH MEMBER OF THE JURY HAS PRINTED AND SIGNED
THE VERIFICATION, THE FOREPERSON SHOULD SUMMON THE MARSHAL AND
ADVISE HIM OR HER THAT YOU ARE READY TO REPORT YOUR ANSWERS TO THE
COURT.