**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

RICARDO CAJERO TORRES and MARIO BAUTISTA, each individually and on behalf all other employees similarly situated,

                          Plaintiffs,

               - against -

SUSHI SUSHI HOLDINGS INC. d/b/a SUSHI SUSHI, HARLEM SUSHI INC. d/b/a SUSHI SUSHI, IGOR GRINBERG, and ANGIE HERRERA,

                        Defendants.

Case No.: 1:19-cv-02532-PAE-RWL

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS

## Table of Contents

TABLE OF AUTHORITIES ........................................................................................................ iiii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ............................................................................................................................ 1

   A. PLAINTIFFS ARE ENTITLED TO REASONABLE ATTORNEY'S FEES AND COSTS 1

   B. PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES IS REASONABLE ....................... 2

      1. Plaintiffs' Counsel Expended a Reasonable Amount of Time .......................................... 3

      2. Plaintiffs' Requested Hourly Rates Are Reasonable .......................................................... 4

      3. Public Policy Favors Compensating Plaintiffs' Counsel Adequately ................................. 8

      4. Attorney's Fee Award Need Not be Proportional to Damages .......................................... 9

   C. PLAINTIFFS' REQUEST FOR COSTS AND EXPENSES ARE REASONABLE .......... 10

CONCLUSION ........................................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**

Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509 (S.D.N.Y. 2011) .................................... 8, 9

Arbor Hill Concerned

   Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections, 522 F.3d

   182 (2d Cir. 2008) ....................................................................................... 3, 4, 5, 6

Blum v. Stenson, 465 U.S. 886 (1984) ...................................................................... 4

*DLJ Mortg. Capital, Inc. v. Act Lending Corp.*, No. 07 Civ. 10318, 2008 U.S. Dist. LEXIS

   106829, 2008 WL 5517589 (S.D.N.Y. Dec. 1, 2008) .................................................. 4

Estrella v. P.R. Painting Corp., 596 F. Supp. 2d 723 (E.D.N.Y. 2009) ......................................... 9

Fegley v. Higgins, 19 F.3d 1126 (6th Cir. 1994) ............................................................ 8

Grochowski v. Ajet Constr. Corp., 97 Civ. 6269, 2002 U.S. Dist. LEXIS 5031 (S.D.N.Y. Mar.

   27, 2002) ................................................................................................ 9

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ........................................................... 2

Johnson v. Georgia

   Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974) .................................................... 4

*Kahlil v Original Old Homestead Restaurant, Inc.*, 657 F. Supp. 2d 470, 474 (S.D.N.Y. 2009) .. 2

Kassim v. City of

   Schenectady, 415 F.3d 246 (2d Cir. 2005) .............................................................. 9

*Kuzma v. Internal Revenue Serv.*, 821 F.2d 930 (2d Cir. 1987) ................................................. 10

*LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748 (2d. Cir 1998) .................................................. 10

*Liberty Mut. Ins. Co. v. Conmas ,Inc.*, No. 10-CV-717, 2012 U.S. Dist. LEXIS 35813, 2012 WL

   913312 (N.D.N.Y. Mar. 16, 2012) ....................................................................... 3

Marison A. ex rel. Forbes v. Giuliani, 111 F. Supp. 2d 381 (S.D.N.Y. 2000) ............................... 4

Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542 (2010) ..................................................... 3

Prasker v. Asia Five Eight LLC, No. 08 Civ. 5811, 2010 U.S. Dist. LEXIS 1445 (S.D.N.Y. Jan.

   6, 2010) ................................................................................................. 8

Riverside v. Rivera, 477 U.S. 561 (1986) ................................................................... 1

Sand v. Greenberg, No. 08 Civ. 7840, 2010 U.S. Dist. LEXIS 1120 (S.D.N.Y. Jan. 7, 2010) ...... 8

*Scelsa v. City University of New York 827 F. Supp. 1073, 1075 (S.D.N.Y. 1993)* .......................... 2

Sewell v. Bovis Lend Lease, No. 09 Civ. 6548, 2012 U.S. Dist. LEXIS 53556 (S.D.N.Y. Apr. 20, 2012) .......................................................................................................................... 8

**<u>Statutes</u>**

New York Labor Law § 651 ........................................................................................... 1

New York Labor Law §§ 651 ...................................................................................... 1, 2

## PRELIMINARY STATEMENT

In accordance with the briefing schedule previously set by this court, Plaintiffs Ricardo Cajero Torres and Mario Bautista (collectively "Plaintiffs") move for an award of attorneys' fees and costs for work performed and expenses incurred in this action. Plaintiffs submit this memorandum of law in support of Plaintiffs' motion for reasonable attorneys' fees and costs.

Jury trial was held from May 18 to May 20, 2022 and the jury entered a verdict against the Defendants on unpaid overtime wages claim and failure to pay spread of hours claim. ECF Dkt. Nos. 176-177. The Court set the schedule for Plaintiffs' brief on damages and attorneys' fees due June 3, 2022. ECF Dkt. No. 175.

It is well-established that attorney fees and litigation costs are part of plaintiffs' recovery in wage and hour actions brought under the New York Minimum Wage Act, New York Labor Law §§ 651 *et seq*. ("NYLL").

An award of fees need not be proportional to the damages awarded. Many courts have awarded attorneys' fees greater than compensatory damages. *See, e.g.*, *Riverside v. Rivera*, 477 U.S. 561, 564-67 (1986) (upholding an award of $245,456.25 in fees even though plaintiffs had recovered only $33,350 in both compensatory and punitive damages).

For the following reasons, this Court should grant this motion in full and award to Plaintiffs $154,847.50 in reasonable attorney's fees and $10,125.55 in costs.

## ARGUMENT

## A. PLAINTIFFS ARE ENTITLED TO REASONABLE ATTORNEY'S FEES AND COSTS

1

By virtue of the Jury Trial held in this matter, Plaintiffs have prevailed on unpaid overtime wages claim and failure to pay spread of hours claim against the Defendants. ECF Dkt. Nos. 176-177.

The New York Labor Law provides that "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees". N.Y. Labor Law § 663(1). For Plaintiffs to prevail for purposes of attorney's fees under NYLL, they must only show that they "succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Kahlil v Original Old Homestead Restaurant, Inc.*, 657 F. Supp. 2d 470, 474 (S.D.N.Y. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In *Scelsa v. City University of New York,* the Court held that "[t]o be considered a prevailing party under the above statutes a litigant need not prevail on every claim and issue involved in the litigation. It is sufficient that plaintiff succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." 827 F. Supp. 1073, 1075 (S.D.N.Y. 1993)

Here, through litigating this matter, Plaintiffs' Counsel achieved success on behalf of their clients for their claims of unpaid overtime wages and failure to pay spread of hours. Plaintiffs are prevailing parties, entitled to recover attorneys' fees and costs under the NYLL. Therefore, the attorney fees and expenses should be approved so long as the hours expended are reasonable.

**B. PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES IS REASONABLE**

In considering an application for attorneys' fees and costs, the Court must determine the presumptively reasonable fee. See *Ham v. Sushi Maru Express Corp.*, 736 F. App'x 19, 20 (2d Cir.

2

2018); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183-84 (2d Cir. 2008). This presumptively reasonable fee — or lodestar— is essentially "what a reasonable, paying client would be willing to pay given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotations omitted) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 493 F.3d 110,118 (2d Cir. 2007)). There is a strong presumption that the lodestar, which is calculated by multiplying plaintiffs' attorneys' reasonable hourly rate by the number of hours reasonably expended on the litigation, should be applied. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551-52 (2010); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008)

Pursuant to the lodestar method of fee calculation, Plaintiffs' Counsels' request for reasonable attorneys' fees to compensate them for their work in recovering unpaid wages on behalf of the Plaintiffs, plus expenses, is warranted even though they did not succeed on all claims because there is no proportionality requirement so long as "a party has established his entitlement to some relief on the merits of his claims." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 484 F.3d 162 (2d Cir. 2007).

### 1. Plaintiffs' Counsel Expended a Reasonable Amount of Time

"[T]o determine whether time for which reimbursement is sought was reasonably spent, the court must evaluate the tasks and the time documented in counsel's contemporaneous time records in light of its general experience and its experience with the case." *Liberty Mut. Ins. Co. v. Conmas ,Inc.*, No. 10-CV-717, 2012 U.S. Dist. LEXIS 35813, 2012 WL 913312, at *3 (N.D.N.Y. Mar. 16, 2012) (quoting *DLJ Mortg. Capital, Inc. v. Act Lending Corp.*, No. 07 Civ. 10318, 2008

3

U.S. Dist. LEXIS 106829, 2008 WL 5517589, at *7 (S.D.N.Y. Dec. 1, 2008)). "Although counsel is not 'required to record in great detail how each minute of his time was expended… at least counsel should identify the general subject matter of his time expenditures." *Marison A. ex rel. Forbes v. Giuliani*, 111 F. Supp. 2d 381, 396-97 (S.D.N.Y. 2000). Plaintiffs' Counsel generated contemporaneous records of work done on this case, attached to Li Decl. as **Exhibit A**. The billing records state clearly the hours spent and nature of the time expended.

The Complaint in this case was filed on March 21, 2019 and Plaintiffs' Counsel has diligently worked on the case over the course of more than three years. The contemporaneous time entries are marked clearly and in detail, specifying the date, the hours expanded, and the nature of work done for each personnel. Although nine attorneys had worked on this case, three of them worked for less than an hour and one of them worked for only five hours. The other five attorneys who worked on this case were necessary to the case.

### 2. Plaintiffs' Requested Hourly Rates Are Reasonable

The hourly rates Plaintiffs request are reasonable and appropriate. Courts select an hourly rate by determining what a "reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 184 (2d Cir. 2008). Rates must be consistent with the prevailing rates in the relevant geographic area for "lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 & n.11 (1984).

Courts should consider "all of the case-specific variables that [may be] relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate," including the factors enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See Arbor Hill*, 522 F.3d at 190. The *Johnson* factors are: "(1) the time and labor required; (2)

the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Arbor Hill*, 522 F.3d at 186 n.3. Each of these factors supports Plaintiffs' requested rates.

Some of the Johnson factors "are more logically related to determining the number of hours that should be compensated, and others, such as the extent of success, might be considered either in setting the number of compensable hours or in making a further adjustment after a presumptive fee has been established." *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 537 n.1 (S.D.N.Y. 2008). Overall, "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting Hensley, 461 U.S. at 436 (1983)).

To assess the reasonable rate, the Court should consider the prevailing market rates "for similar services by lawyers of reasonably comparable skill, experience and reputation." *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). The Court may also rely on its knowledge of private firms' hourly rates. *See Miele v. N.Y. State Teamsters Conference Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987). A reasonable fee is "one that is sufficient to induce a capable attorney to undertake a representation of a meritorious… case." The lodestar figure looks to "the prevailing market rates

5

in the relevant community." Perdue v. Kenny A., 559 U.S. 542, 551 (2010) (quoting Blum v. Stenson, 465 U.S. 886, 895 (1984)).

Further, these rates are commensurate with "the rate a paying client would be willing to pay," as they reflect the rates that counsel bill to paying clients. *Arbor Hill*, 522 F.3d at 190. As set out in the Li Declaration, the attorney rates set forth herein are the rates that each attorney actually bills for matters which are billed at an hourly rate.

In determining whether hourly rates requested are reasonable, courts consider: "(1) rates awarded in prior cases; (2) courts' own knowledge of hourly rates charged in the district; and (3) evidence submitted by the parties." *Rios v. Louya Corp.*, No. 14-cv- 6800 (GHW), 2015 WL 5918194, at *2 (S.D.N.Y. Oct. 8, 2015).

The hourly rates sought by Jian Hang are wholly consistent with recent fee awards for Jian Hang's services in similar cases. See *Luk v. ABNS NY Inc.*, No. 18-CV-5170 (AMD), 2021 U.S. Dist. LEXIS 25674, at *156 (E.D.N.Y. Feb. 9, 2021).

The rates Plaintiffs request for other attorneys are in line with attorneys' fee awards in the Southern District of New York. See, *Beastie Boys v. Monster Energy Co.*, No. 12 Civ. 6065, 2015 U.S. Dist. LEXIS 77185, at *54-55 (June 15, 2015) (finding hourly rates averaging from $461 to $505 per hour reasonable for second, third and fourth-year associates based, in part, on National Law Journal billing survey showing that in 2014, average associate rates at large New York City law firms ranged from $340 to $678 per hour with an overall average of $518 per hour). Ge Qu has six years of employment litigation experience, warranting an hourly rate award of $300; and Shan Zhu and Jiajing Fan each have three years of employment litigation experience, warranting an hourly rate award of $300. The Southern District of New York has routinely awarded attorney's fees under the FLSA and the NYLL that are consistent with those

proposed in this application. See e.g., *De Hui Mu v. Han Dynasty Nyu Corp.*, 2018 U.S. Dist. LEXIS 181110, at \*6 (S.D.N.Y. Oct. 17, 2018) (finding associate with five years of experience's hourly rate of $325 reasonable in evaluating fairness of a settlement); *Pastor v. ABC Metro Cleaners, Inc.*, 2018 U.S. Dist. LEXIS 210589, at \*5-6 (S.D.N.Y. Dec. 12, 2018) (finding fee of $450 reasonable for partner and $400 at senior associate reasonable in evaluating fairness of settlement). As for paralegal work, in recent FLSA actions, hourly rates between $100 and $150 for paralegal work have been found to be reasonable." *Rosales v. Gerasimos Enters.*, No. 16-CV-2278 (RA), 2018 U.S. Dist. LEXIS 1230, at \*2 (S.D.N.Y. Jan. 3, 2018).

The attorneys from Hang & Associates who worked on this case are Jian Hang, Ge Qu, Shan Zhu, Oscar Alvarado, Lorena Duarte, Qinyu Fan, Jiajing Fan, Yuezhu Liu and Zindzi Baugh Corbett. The paralegals from Hang & Associates who worked on this case are Ge Yan, Leticia Ochoa, Maritza Yanes and Suelen Chimanski. Plaintiffs request that the Court award the following hourly rates for each of these attorneys and paralegals:

| | |
|---|---|
| Jian Hang | $350 |
| Qu Ge | $300 |
| Shan Zhu | $300 |
| Oscar Alvarado | $300 |
| Lorena Duarte | $300 |
| Qinyu Fan | $300 |
| Jiajing Fan | $300 |
| Yuezhu Liu | $300 |
| Zindzi Baugh Corbett | $300 |
| Ge Yan | $150 |

7

Leticia Ochoa                        $150

Maritza Yanes                        $150

Suelen Chimanski                     $150

See Li Decl. at ¶¶ 2-7 (counsel's experience and rates). The Declaration of Guofeng Li ("Li Decl."), filed together with this motion, support the requested rates. These billing rates are reasonable given counsel's experience and skill and their performance in this case.

### 3. Public Policy Favors Compensating Plaintiffs' Counsel Adequately

It is well recognized that it is important to adequately compensate lawyers who take wage and hour cases. "Private attorneys prosecuting wage and hour abuses must be adequately compensated for their time and labor. If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk." *Sewell v. Bovis Lend Lease*, No. 09 Civ. 6548, 2012 U.S. Dist. LEXIS 53556, at *36-37 (S.D.N.Y. Apr. 20, 2012); *see also Prasker v. Asia Five Eight LLC*, No. 08 Civ. 5811, 2010 U.S. Dist. LEXIS 1445, at *17 (S.D.N.Y. Jan. 6, 2010) ("Adequate compensation for attorneys who protect wage and hour rights furthers the remedial purposes of the FLSA and the NYLL"). Fee shifting provisions "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel. But for the separate provision of legal fees, many violations … would continue unabated and uncorrected." *Sand v. Greenberg*, No. 08 Civ. 7840, 2010 U.S. Dist. LEXIS 1120, at *9 (S.D.N.Y. Jan. 7, 2010); *see also Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 511 (S.D.N.Y. 2011) ("the award of attorneys' fees … encourages the vindication of Congressionally identified policies and rights.").

Allowing FLSA claimants to recover a reasonable attorney's fee is important to the statute's enforcement scheme. *See, e.g.*, *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (the

"purpose of the FLSA attorney fees provision is 'to ensure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances,'" and, "an award of attorney fees here 'encourages the vindication of congressionally identified policies and rights'"); *Estrella v. P.R. Painting Corp.*, 596 F. Supp. 2d 723, 727 (E.D.N.Y. 2009) (FLSA fee-recovery provision is "designed in part to secure legal representation for plaintiffs whose wage and hour grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements").

### 4. Attorney's Fee Award Needs Not be Proportional to Damages

The Second Circuit has "repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005).

"In FLSA cases, like other discrimination or civil rights cases, the attorneys' fees need not be proportional to the damages plaintiffs recover, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights." *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 511 (S.D.N.Y. 2011) (further noting that "settled case law [is] that the setting of statutory [attorneys'] fees does not require proportionality between the plaintiff's recovery and the amount of the fee award.")); *see also Grochowski v. Ajet Constr. Corp.*, 97 Civ. 6269, 2002 U.S. Dist. LEXIS 5031, at *5 (S.D.N.Y. Mar. 27, 2002) ("The purpose of the FLSA attorney fees provision is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.' Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees ... 'encourage [s] the vindication of congressionally identified policies and rights.'").

## C. PLAINTIFFS' REQUEST FOR COSTS AND EXPENSES ARE REASONABLE

As a general matter, a prevailing plaintiff in an action under the NYLL is entitled to recover costs from the defendant, see N.Y. Lab. Law § 663(1). "[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d. Cir 1998). Such costs and expenses include "[i]dentifiable, out-of-pocket disbursements for items such as photocopying, travel, and telephone costs…" *Id*. (quoting *Kuzma v. Internal Revenue Serv.*, 821 F.2d 930, 933-34 (2d Cir. 1987). see also *Cao v. Wu Liang Ye Lexington Rest., Inc*. No. 08-cv-03725, 2010 U.S. Dist. LEXIS 109373, at *24–25 (S.D.N.Y. Sep. 30 2010) (awarding $6,184.08 in costs related to court filings, transcription services and interpreter fees).

Here, Plaintiffs seek costs and expenses for filing fees, process service fees, and travel-related expenses, for total costs of $10,125.55. The costs are broken down in the work record, and receipts for each item are attached as **Exhibit B** to Li Decl.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court award attorney's fees in the amount of $154,847.50 and costs of $10,125.55.

Dated: June 3, 2022
Flushing, New York

By:*/s/ Guofeng Li*
Guofeng Li, Esq.
Hang & Associates, PLLC
138-20 38th Avenue, Suite 10G
Flushing, New York 11354
Tel: (718) 353-8588
Fax: (718) 353-6288

10

## CERTIFICATION OF SERVICE

I hereby certify that on June 3, 2022, a true copy of the above document was served upon the attorney of record for each party via Electronic Filing.

**Plaintiffs' Memorandum of Law in Support of Plaintiffs Application for Attorney Fees and Cost**

Dated: June 3, 2022
Flushing, New York

Respectfully Submitted,

_s/ Guofeng Li_
Guofeng Li Esq.

11