**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RICARDO CAJERO TORRES and MARIO BAUTISTA, each individually and on behalf all other employees similarly situated,

                                Plaintiffs,

                - against -

SUSHI SUSHI HOLDINGS INC. d/b/a SUSHI SUSHI, HARLEM SUSHI INC. d/b/a SUSHI SUSHI, IGOR GRINBERG, and ANGIE HERRERA,

                             Defendants.

Case No.: 1:19-cv-02532-PAE-RWL

# MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPROVAL OF PLAINTIFFS' AWARD OF DAMAGES

## PRELIMINARY STATEMENT

In accordance with the briefing schedule previously set by this court, Plaintiffs Ricardo Cajero Torres and Mario Bautista (collectively "Plaintiffs") move for approval of award of damages on unpaid overtime wages claim and failure to pay spread of hours claim. Plaintiffs submit this memorandum of law in support of Plaintiffs' motion for award of damages.

Jury trial was held from May 18 to May 20, 2022 and the jury entered a verdict against the Defendants on unpaid overtime wages claim and failure to pay spread of hours claim. ECF Dkt. Nos. 176-177. The Court set the schedule for Plaintiffs' brief on damages and attorneys' fees due June 3, 2022. ECF Dkt. No. 175.

The Court further directs plaintiffs' counsel to file, by the end of the day on June 7, 2022, a memorandum of law that calculates and cites authority for the award due to Plaintiffs. ECF Dkt. No. 192.

The NYLL mandates payment at one and one-half times the regular normal rate for each hour worked by an employee in excess of 40 hours per week. 12 N.Y.C.R.R. § 146-1.4. "[T]he regular rate refers to the hourly rate actually paid [to] the employee for the normal, non-overtime workweek for which he is employed." *Hernandez v. NJK Contractors, Inc.*, No. 09 CV 4812, 2015 U.S. Dist. LEXIS 57568, 2015 WL 1966355, at \*41 (E.D.N.Y. May 1, 2015). (quoting *Walling v. Youngerman Reynolds Hardwood Co.*, 325 U.S. 419, 424, 65 S. Ct. 1242, 89 L. Ed. 1705 (1945)).

Under the NYLL, an employee is entitled to receive "spread-of-hours" pay, which is "one hour's pay at the basic minimum hourly wage rate" for any workday that lasts longer than 10 hours. 12 NYCRR § 142-2.4(a); see also N.Y. Lab. Law §§ 650 et seq. "Spread of hours compensation is calculated by multiplying the minimum wage by the number of days an employee worked more

1

than ten hours." *Angamarca v. Pita Grill 7 Inc.*, No. 11cv7777 (JGK) (JLC), 2012 U.S. Dist. LEXIS 108322, 2012 WL 3578781, at *8 (S.D.N.Y. Aug. 2, 2012).

"Pursuant to [New York] state law, a successful plaintiff may receive prejudgment interest at a rate of nine percent per year." *Najnin v. Dollar Mountain, Inc.*, No. 14cv5758, 2015 U.S. Dist. LEXIS 141811, 2015 WL 6125436, at *4 (S.D.N.Y. Sept. 25, 2015); see also N.Y. C.P.L.R. §§ 5001, 5004, and such interest may be calculated from either the "earliest ascertainable date the cause of action existed" or "from a single reasonable intermediate date," where damages were incurred at various times, N.Y.C.P.L.R. § 5001(b).

For the following reasons, this Court should grant this motion in full and award to Plaintiff Ricardo Torres $4,625.19 and Plaintiff Mario Bautista $2,613.66 in damages and interest.

## ARGUMENT

### A. PLAINTIFF RICARDO TORRES' CLAIMS FOR UNPAID OVERTIME HOURS AND SPREAD-OF-HOURS COMPENSATION

By virtue of the Jury Trial held in this matter, Plaintiffs have prevailed on unpaid overtime wages claim and failure to pay spread of hours claim against the Defendants. ECF Dkt. Nos. 176-177.

Plaintiff Ricardo Torres alleges that, from June 8, 2016 to December 31, 2016, his regular wage is $7.5 per hour and his overtime wage is $12.00 per hour. He worked 1156.00 regular hours and 293.00 overtime hours, for which he should have been paid $12,186.00($7.5*1156+$12*293), but he had been actually paid $11,975.26, so his overtime damages was $210.74. During the same time, he had 82 spread of hours day, for which he should have been paid $738(minimum hourly wage $9*82). The total pre-interest damages for this period was $948.74.

From January 1, 2017 to December 31, 2017, Plaintiff Ricardo Torres's regular wage is $7.5 per hour and his overtime wage is $12.75 per hour. He worked 2034.00 regular hours and 292.00 overtime hours, for which he should have been paid $18,984.38($7.5*2034+$12.75*292), but he had been actually paid $18,545.71, so his overtime damages was $438.67. During the same time, he had 74 spread of hours day, for which he should have been paid $777(minimum hourly wage $10.5*74). The total pre-interest damages for this period was $1215.67.

From January 1, 2018 to December 31, 2018, Plaintiff Ricardo Torres's regular wage is $8.0 per hour and his overtime wage is $14.00 per hour. He worked 1788.00 regular hours and 226.00 overtime hours, for which he should have been paid $17,468.00($8*1788+$14*226), but he had been actually paid $16,986.64, so his overtime damages was $481.36. During the same time, he had 62 spread of hours day, for which he should have been paid $744(minimum hourly wage $12*32). The total pre-interest damages for this period was $1215.67.

From January 1, 2019 to January 27, 2019, Plaintiff Ricardo Torres's regular wage is $9.0 per hour and his overtime wage is $15.75 per hour. He worked 143.00 regular hours and 2.00 overtime hours, for which he should have been paid $1,318.50($9*143+$15.75*2), but he had been actually paid $1,314.00, so his overtime damages was $4.50. During the same time, he had 2 spread of hours day, for which he should have been paid $27(minimum hourly wage $13.5*2). The total pre-interest damages for this period was $31.50.

In total, Plaintiff Ricardo Torres's overtime damages equals $1,135.27 and his spread of hour damages equals $2,286.00.

## B. PLAINTIFF MARIO BAUTISTA'S CLAIMS FOR UNPAID OVERTIME HOURS AND SPREAD-OF-HOURS COMPENSATION

From January 13, 2018 to December 31, 2018, Plaintiff Mario Bautista's regular wage is $8.0 per hour and his overtime wage is $14.00 per hour. He worked 1710.00 regular hours and

293.00 overtime hours, for which he should have been paid $17,786.00($8*1710+$14*293), but he had been actually paid $17,192.00, so his overtime damages was $594.00. During the same time, he had 113 spread of hours day, for which he should have been paid $1,356.00(minimum hourly wage $12*113). The total pre-interest damages for this period was $1950.00.

From January 1, 2019 to January 20, 2019, Plaintiff Mario Bautista's regular wage is $9.0 per hour and his overtime wage is $15.75 per hour. He worked 116.00 regular hours and 3.50 overtime hours, for which he should have been paid $1,099.13($9*116+$15.75*3.5), but he had been actually paid $2,091.25, so he did not incur any overtime damages. During the same time, he had 8 spread of hours day, for which he should have been paid $108(minimum hourly wage $13.5*8). The total pre-interest damages for this period was $108.00.

In total, Plaintiff Mario Bautista's overtime damages equals $594.00 and his spread of hour damages equals $1,464.00.

## C. PLAINTIFFS' CLAIM FOR PREJUDGMENT INTEREST

As noted above, the NYLL provides that a plaintiff may recover both liquidated damages and prejudgment interest on the underlying damages. See *Hernandez*, 2016 U.S. Dist. LEXIS 75430, 2016 WL 3248493, at *35. Prejudgment interest on damages under the NYLL is awarded at a rate of nine percent per annum, *Najnin*, 2015 U.S. Dist. LEXIS 141811, 2015 WL 6125436, at *4; N.Y.C.P.L.R. § 5004, and such interest may be calculated from either the "earliest ascertainable date the cause of action existed" or "from a single reasonable intermediate date," where damages were incurred at various times, N.Y.C.P.L.R. § 5001(b).

With respect to Plaintiff Ricardo Torres's overtime damages and his spread of hour damages from June 8, 2016 to December 31, 2016, which equals $948.74, Plaintiff's prejudgment interest Plaintiff can be calculated from the midpoint date of the period of employment for which

4

he seeks to recover damages, September 19, 2016, to the date of judgment, which is 2,069 days. Applying the prejudgment rate of nine percent per annum to this principal amount yields prejudgment interest in the amount of $426.93 ($948,74 x .09 x (2,096/365)).

With respect to Plaintiff Ricardo Torres's overtime damages and his spread of hour damages from January 1, 2017 to December 31, 2017, which equals $1,215.67, Plaintiff's prejudgment interest Plaintiff can be calculated from the midpoint date of the period of employment for which he seeks to recover damages, July 2, 2017, to the date of judgment, which is 1,783 days. Applying the prejudgment rate of nine percent per annum to this principal amount yields prejudgment interest in the amount of $437.64 ($1,215.67 x .09 x (1,783/365)).

With respect to Plaintiff Ricardo Torres's overtime damages and his spread of hour damages from January 1, 2018 to December 31, 2018, which equals $1,225.36, Plaintiff's prejudgment interest Plaintiff can be calculated from the midpoint date of the period of employment for which he seeks to recover damages, July 2, 2018, to the date of judgment, which is 1,418 days. Applying the prejudgment rate of nine percent per annum to this principal amount yields prejudgment interest in the amount of $330.85 ($1,225.36 x .09 x (1,418/365)).

With respect to Plaintiff Ricardo Torres's overtime damages and his spread of hour damages from January 1, 2019 to January 27, 2019, which equals $31.50, Plaintiff's prejudgment interest Plaintiff can be calculated from the midpoint date of the period of employment for which he seeks to recover damages, January 14, 2019, to the date of judgment, which is 1,222 days. Applying the prejudgment rate of nine percent per annum to this principal amount yields prejudgment interest in the amount of $8.51 ($31.50 x .09 x (1,222/365)).

Plaintiff Ricardo Torres should be awarded $1,203,92 in prejudgment interest.

With respect to Plaintiff Mario Bautista's overtime damages and his spread of hour damages from January 13, 2018 to December 31, 2018, which equals $1,950, Plaintiff's prejudgment interest Plaintiff can be calculated from the midpoint date of the period of employment for which he seeks to recover damages, July 8, 2018, to the date of judgment, which is 1,412 days. Applying the prejudgment rate of nine percent per annum to this principal amount yields prejudgment interest in the amount of $526.50 ($1,950 x .09 x (1,412/365)).

With respect to Plaintiff Mario Bautista's overtime damages and his spread of hour damages from January 1, 2019 to January 20, 2019, which equals $108, Plaintiff's prejudgment interest Plaintiff can be calculated from the midpoint date of the period of employment for which he seeks to recover damages, January 10, 2019, to the date of judgment, which is 1,225.50 days. Applying the prejudgment rate of nine percent per annum to this principal amount yields prejudgment interest in the amount of $29.16 ($108 x .09 x (1,225.50/365)).

Plaintiff Mario Bautista should be awarded $555.66 in prejudgment interest.

## CONCLUSION

For the foregoing reasons, Plaintiff Ricardo Torres respectfully requests that the Court approve the award of his unpaid overtime hours and spread-of-hours compensation in the amount of $4,625.19 and Plaintiff Ricardo Torres, $2613.66.

Dated: June 7, 2022
    Flushing, New York

By:*/s/ Guofeng Li*
Guofeng Li, Esq.
Hang & Associates, PLLC
138-20 38th Avenue, Suite 10G
Flushing, New York 11354
Tel: (718) 353-8588
Fax: (718) 353-6288

## CERTIFICATION OF SERVICE

I hereby certify that on June 7, 2022, a true copy of the above document was served upon the attorney of record for each party via Electronic Filing.

**Plaintiffs' Memorandum of Law in Support of Plaintiffs' Application for Unpaid Overtime Hours and Spread-of-hours Compensation**

Dated: June 7, 2022
Flushing, New York

Respectfully Submitted,

_____ *s/ Guofeng Li*
Guofeng Li Esq.

7