UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICARDO CAJERO TORRES, et al.,

                                Plaintiffs,

-v-

SUSHI SUSHI HOLDINGS INC., et al.,

                              Defendants.

19 Civ. 2532 (PAE) (RWL)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

    The Court today held a conference in this case, at which the Court issued a bench decision explaining its denial of the motion by plaintiffs' counsel, Hang & Associates, PLLC, for reconsideration of aspects of the Court's decision with respect to the award of fees and costs. The Court had previously issued an order stating that that motion was denied, with the reasons to be set out in a bench decision. Dkt. 211.

    The Court had anticipated that, at today's conference, defendant Igor Grinberg would furnish checks to (1) plaintiffs Ricardo Cajero Torres and Mario Bautista, reflecting the sums they have been found due in damages and pre-judgment interest, *see* Dkt. 202 at 12; and (2) plaintiffs' law firm, Hang & Associates, PLLC, reflecting the sums that they are due in legal fees and costs, *see id.* at 50. The purpose of this exercise was to assure that the sums due to the plaintiffs were in fact received in full by Cajero Torres and Bautista personally, without any deduction made by Hang & Associates. *See* Dkt. 202, at 50–51. Defense counsel had indicated that Grinberg would be prepared to make these payments today, *see* Dkt. 203. However, by letter late yesterday, defense counsel represented that Grinberg has stated that he does not presently have the funds available to make these payments, Dkt. 212, and, at today's conference,

counsel again so represented. The Court expects Grinberg promptly to attend to these payments, mindful that, upon the issuance of a judgment, post-judgment interest will accrue on them. *See* 28 U.S.C. § 1961 ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."); *see also Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008) (award of post-judgment interest, per federal statute, is mandatory). As directed at today's conference, upon any payment by Grinberg to Cajero Torres and Bautista, plaintiffs' counsel is directed to file an affirmation on the docket of this case attesting that the entirety of this payment was paid to the plaintiff in question, and describing the means by which it was paid.

The Court directs that the Clerk of the Court enter judgment in this case tomorrow (Friday, August 12, 2022). Per the Court's (and the parties') tabulations based on the jury's findings in its May 20, 2022 verdict, the pertinent data is as follows:

1. Cajero Torres is owed $1,135.27 in unpaid overtime wages, $2,286 in unpaid spread of hours pay, and, through May 20, 2022, pre-judgment interest of $1,203.92. Dkt. 202 at 12. Per an Excel spreadsheet created by the parties, the amount of pre-judgment interest as of August 12, 2022 will be $1,423.62, for total damages as of the date of judgment of $4,844.88.

2. Bautista is owed $594 in overtime wages, $1,464 in unpaid spread of hours pay, and, through May 20, 2022, pre-judgment interest of $555.66. Dkt. 202 at 12. Per an Excel spreadsheet created by the parties, the amount of pre-judgment interest as of August 12, 2022 will be $731.16, for total damages as of the date of judgment of $2,789.16.

3. Hang & Associates, PLLC, is owed $5,145 in fees and $1,285.63 in costs. Dkt. 202 at 50.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: August 11, 2022
       New York, New York